WALTER E. JOHNSON *v.* JILL T. JOHNSON.

[No. 3-575A85. Filed April 8, 1976. Rehearing denied April 27, 1976. Transfer denied September 14, 1976.]

654

Donald E. *Transki*, of Michigan City, for appellant.

Lee W. *Dabagia*, *Sweeney*, *Fox*, *Sweeney*, *Winski* & *Dabagia*, of Michigan City, for appellee.

GARRARD, J.—On December 5, 1974, the trial court entered a decree dissolving the marriage between the parties to this appeal. The husband's appeal challenges the division of property made by the court and the award of $575 attorney's fees for the benefit of the wife in defending the motion to correct errors and the prosecution of this appeal. We find that the husband has failed to demonstrate an abuse of discretion in either award. We therefore affirm the judgment.

Division of the property of the parties under the dissolution statute shall be made in a "just and reasonable manner." This determination lies within the broad discretion of the trial court, and we may reverse only where an abuse of discretion is clearly demonstrated. The statute mandates that:

"In determining what is just and reasonable the court shall consider the following factors: (a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties." IC 1971, 31-1-11.5-11, Burns Code Ed. (1975 Supp.).

The question presented in this case is whether the court abused its discretion under the facts and circumstances by awarding virtually all of the tangible property theretofore acquired by the parties to the wife.

These assets consisted of the marital residence, a 1973 Plymouth auto and the household furniture, which was admittedly well worn and worth perhaps $700. The wife's evidence revealed that the residence had been purchased for $28,500 and had become run down and in need of repairs. There was a mortgage balance due upon the residence of $12,700 which the decree required the wife to assume, along with the property taxes of $433 then overdue. The husband was ordered to be primarily responsible for the payment of their remaining obligations consisting of $800 owed on the automobile, accounts with J. C. Penney and Carson, Pirie, Scott & Co., and the remainder due on an orthodonture bill for three of the children.

Other evidence revealed that the parties had been married for twenty years and had four children. Two children, aged nineteen, were attending college. Custody of the other two, aged 14 and 12, was awarded to the wife.

At the time of the dissolution the husband was 56 and was employed as Director of Transportation for the Wisconsin Paper and Pulp Manufacturing Association at a salary

of $20,000 per year. He earns an additional $52 per month from other work he performs on Saturdays. From prior employment he will be eligible for railroad retirement benefits at age 65. He is not eligible for Social Security, and as an ex-spouse, the wife has no potential to receive benefits under his railroad retirement.

The wife was fifty years of age and was earning $3,120 per year working for a radio station at the time of the dissolution. She had no special skills or training that would enhance her future employability.

In terms of statutory considerations, the assets were acquired during and as a result of the marriage and not by gift or inheritance. There was no evidence that either party unduly disposed of or dissipated marital assets.

The court was thus confronted with circumstances indicating the reasonable need of the wife, as custodian of the children, to have physical use of the only assets acquired during the marriage. Even so, we do not doubt that it would have been reasonable for the court to have granted the husband an interest (direct, deferred or contingent) in the equity in the real estate. That, however, is insufficient to establish the abuse of discretion necessary for reversal. To do so, an appellant must demonstrate that the decision represents "an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable and actual deductions to be drawn therefrom." *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14, 12 N.E.2d 752, 754; *Dunbar* v. *Dunbar* (1969), 145 Ind. App. 479, 251 N.E.2d 468.

In the case at bar, considering the age and economic circumstances of the parties and their respective earnings and earning abilities, we cannot say, in view of the limited nature of the assets, that the court's decision was *clearly* against the logic and effect of the evidence.

With respect to the claim of error in awarding the wife attorney's fees with respect to the appeal, IC 1971, 31-1-11.5-16, Burns Code Ed. (1975 Supp.) provides in part:

> "The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [31-1-11.5-1—31-1-11.5-24] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. . . ."

The statute applies to attorney's fees incurred in connection with an appeal. *See, Flora* v. *Flora* (1975), 166 Ind. App. 620, 337 N.E.2d 846. Such an award is, again, reviewable only for a clear abuse of discretion, and as the court observed in *DeLong* v. *DeLong* (1974), 161 Ind. App. 275, 315 N.E.2d 412, the court's discretion includes the ability to award less than the full reasonable value of the services in question.

Here the wife petitioned for an allowance of $750 for defending the appeal plus $460 over the original allowance which had been granted for services performed by her attorneys in representing her in the trial and in response to the motion to correct errors. The court awarded her total additional fees of $575. It is not contended, nor does it appear, that the award was unreasonable for the services in question. Furthermore, while the demands upon the husband's income for child support, his own reasonable living expenses, and the marital debts for which he remained responsible are substantial, it does not appear that the court clearly abused its discretion in making the award.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 344 N.E.2d 875.