IN RE THE MARRIAGE OF WILLIAM HAROLD DOUGHERTY AND ALTHA DOUGHERTY

[No. 2-476A152. Filed January 24, 1978.]

*Clifford G. Antcliff, Antcliff & Wilson*, of Greenwood, for appellant.

LOWDERMILK, J. — This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Respondent-appellant, William Harold Dougherty (William), perfected this appeal following the judgment of the trial court dissolving his marriage with petitioner-appellee, Altha Dougherty (Altha), raising the following issues for our review:

1. Whether the trial court abused its discretion in awarding Altha's attorney a $600.00 fee.

2. Whether the trial court abused its discretion in dividing the property of the parties.

I.

The trial court in its Final Decree awarded Altha's attorney a $600.00 fee. William contends that since the record discloses that Altha's income was approximately equal to his at the the time the Final Decree was entered the trial court abused its discretion in awarding Altha's attorney a $600.00 fee.

The awarding of attorney fees in a dissolution of marriage action rests within the sound discretion of the trial court, and such award will not be disturbed on appeal except upon a showing of a clear abuse of that discretion. *Lewis v. Lewis* (1977), 172 Ind. App. 463, 360 N.E.2d 855; *Cox v. Cox* (1975),

163 Ind. App. 172, 322 N.E.2d 395. As stated in *Farley v. Farley* (1973), 157 Ind. App. 385 at 400, 300 N.E.2d 375 at 384: ". . . Factors other than dollar amounts, however, must be considered. . ." One such factor, for example, would be the respective earning capabilities of Altha and William in the future.

We are of the opinion that the trial court did not err in awarding Altha's attorney a $600.00 fee.

II.

William contends that the trial court abused its discretion in dividing the property of the parties in that (a) the trial court failed to make allowance for depreciation in the properties' value; (b) the trial court placed too much emphasis on Altha's contribution toward the parties' assets; and, (c) the trial court failed to divide the parties' proper. as equally as possible there being no exigent circumstances nt t to do so.

As a preface to William's contention that the trial court in ascertaining the value of the property to be divided between the parties considered purchase price alone as the determinative criteria of value, with no offset for depreciation, two preliminary remarks are in order. First, William fails in the argument section of his brief to specify exactly which pieces of property he is referring to. Second, Altha's Exhibits No.'s Two and Three, detailed property lists with values assigned to each item of property, were admitted at the final hearing without objection.

This court is of the opinion that the trial court did not, when dividing the property of the parties, limit its determination of value to purchase price alone, without depreciation, as contended by William.

For example, Altha's Exhibit No. 2 reveals in pertinent part the following:

"PERSONAL PROPERTY RETAINED BY WM. HAROLD DOUGHERTY

| | | |
|---|---|---|
| GMC Truck (Demonstrator, A.C., Power Steering, power brakes, H.D. Springs, *Orig. $4,500*) | | $3,600.00 |
| Camper Top | | 850.00[1] |
| Camper Top | | 300.00 |
| Small TV | (purchased new) | 75.00 |
| Washer | (purchased new) | 248.56 |
| Dryer— | (2 years old, *cost $229 new*) | 100.00 |
| Freezer | | 40.00 |
| Meat | (Cost $525 8/26/74.—approx. ⅓ used) | 350.00 |
| Sweeper | (*Cost approx. $40 new*) | 25.00 |
| Rug Scrubber | (*Cost approx. $50 new*) | 25.00 |
| Total Personal Property retained by WHD | | $5,613.56" |

(Our emphasis)

The Final Decree dissolving the marriage of the parties herein awarded William personal property valued at approximately $5,600.00. William was to pay all debts incurred by the parties during their marriage. Also, William owned investment rental property valued at approximately $14,000.00 which he brought into the marriage. Although not clear from the record, it appears that William was allowed to retain this property after the dissolution of his marriage to Altha.

Altha was awarded personal property valued at approximately $2,400.00, plus a cash allowance of $3,000.00.

After carefully reviewing the record in the case at bar, this court is of the opinion that the trial court did not place undue emphasis upon Altha's contribution toward the parties' assets, nor, did it err in failing to more equally divide the assets of the parties.

IC 1971, 31-1-11.5-11 (Burns 1976 Supp.) mandates a trial court in a dissolution of marriage action to divide the assets of the spouses in a "just and reasonable manner", not, in an "approximately equal amount." IC 31-1-11.5-11 lists several factors which should properly by considered by the trial court

---

1. There was evidence in the record from which the trial court could have concluded that the camper top was worth more than $850.00.

in determining how to fairly divide the property of the spouses. These are:

"* * *

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as a homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties. . . ."

After carefully considering these criteria, the trial court's property division *might* well be approximately equal, however, there is no requirement that it *must* be approximately equal.

We are of the opinion that William has demonstrated no abuse of discretion in the manner in which the trial court divided the parties' property.

Judgment affirmed.

Robertson, C.J. and Garrard, J., participating by designation, concur.

NOTE—Reported at 371 N.E.2d 1328.