In re the MARRIAGE OF June R. HIRSCH, Appellant (Petitioner below),

and

Robert M. Hirsch, Appellee (Respondent below).

No. 3–677A140.

Court of Appeals of Indiana, Third District.

Jan. 22, 1979.

Albert C. Hand, Hand, Neunich & Rodovich, Hammond, for appellant.

Harold Abrahamson, Hammond, for appellee.

STATON, Judge.

The marriage of June R. Hirsch and Robert M. Hirsch was dissolved on December 15, 1976. June R. Hirsch appeals from the dissolution judgment of the trial court. She claims that the trial court erred in its disposition of the marital property. Additionally, she claims that the trial court ordered her husband to pay her attorney inadequate fees.

We affirm.

June and Robert were married on March 18, 1952. At that time June owned an automobile and had approximately $4,000 in a bank account. They separated on March 17, 1975. June filed a petition for dissolution of the marriage; Robert filed a counter-petition. They were 48 years of age. June was employed as a typist earning $7,500.00 per year. Robert was earning in excess of $35,000.00 per year plus substantial fringe benefits.

Upon dissolving the marriage, the court made the following disposition of their property:

"Petitioner is awarded all of parties furniture, household goods, effects and appliances and effects now in her possession. Respondent is awarded the personal property and effects now in his possession. Petitioner is further awarded as her own parties Lincoln Mark IV automobile; and parties Savings Account in the approximate sum of $8,100.00 in the 1st Federal Savings and Loan Association of East Chicago; and the Mutual Fund at Wadell and Reed, Inc., in the approximate sum of $4,600.00. Respondent is ordered to transfer his interest in the above in 10 days. Petitioner awarded all of respondent's right, title and interest in the parties residence located at 8124 Northcote Avenue, Munster, Indiana and respondent is ordered to convey his interest therein in 30 days. Petitioner is further awarded alimony in the sum of $20,-000.00, payable $100.00 each Saturday, commencing on January 1, 1977 until paid. Respondent is awarded his interest in the Joe Hirsch Inc., evidenced by shares of stock, Pension Fund and Insurance in said corporation."

In addition, the court ordered Robert to pay June $50.00 per month for each of two sons (ages 21 and 19) during the time they remained in college; Robert was also required to pay all the college expenses of the sons, as well as reasonable medical and dental expenses. Finally, the court ordered Robert:

"to pay petitioner's attorney, *Ablert [sic]* C. Hand, the additional sum of $3,000.00 as attorney fees payable $1,000.00 on or before January 15, 1977, and balance on or before March 1st, 1977." [1]

## I.

### Disposition of the Property

Indiana statute prescribes the method by which the court shall divide the property of parties upon a dissolution of their marriage.

"In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one [1] of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

"In determining what is just and reasonable the court shall consider the following factors:

"(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

"(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

"(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

"(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

"(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

IC 1971, 31–1–11.5–11 (Burns Code Ed., Supp.1978).

June claims that the court erred in failing to award her a fair, equitable and adequate portion of the parties' property. Specifically, she claims that the court failed to value and consider certain property and refused to consider the value of Robert's superior earning capacity as well as his remainder interest in a trust.

In her brief, June sets out the assets awarded to each party as follows:

"Assets Awarded to Wife by Court:" [2]

| | |
|---|---:|
| "Furniture (Household) | $ 3,000.00 |
| Automobile | 6,000.00 |
| Savings | 8,100.00 |
| Mutual Fund | 4,600.00 |
| Real Estate | 47,000.00 |
| Alimony (payable $100 per week) | 20,000.00 |
| Total to Wife | $ 88,700.00 |

"Assets Awarded to Husband by Court:" [3]

| | |
|---|---:|
| "Life Insurance (cash value) | $ 9,600.00 |
| Pension Fund | 43.000.00 |
| Preferred stock | 40,000.00 |
| 20 shares common stock | 58,000.00 |
| Remainder in trust consisting of Common Stock | 37,508.00 |
| "Total to Husband | $188,108.00" |

1. Robert had previously paid June's attorney $500.00.

2. The valuations were agreed to by the parties.

3. These valuations were made by June. Robert presented conflicting evidence.

June argues that such a property division constituted an abuse of discretion and was contrary to the evidence and the law.

▮ When considering the propriety of a property division, this Court does not weigh the evidence, but examines the division only for an abuse of discretion. *Wilcox v. Wilcox* (1977), Ind.App., 365 N.E.2d 792; *In re Marriage of Lewis* (1977), Ind.App., 360 N.E.2d 855; *Geberin v. Geberin* (1977), Ind.App., 360 N.E.2d 41. The court has broad discretionary power in determining the disposition of property. *Eppley v. Eppley* (1976), Ind.App., 341 N.E.2d 212. IC 1971, 31–1–11.5–11 merely requires the court to divide the property "in a just and reasonable manner." The court is not required to divide the property equally between the parties. *In re Marriage of Dougherty* (1978), Ind.App., 371 N.E.2d 1328; *Trimble v. Trimble* (1976), Ind.App., 339 N.E.2d 614.

In the present case, the court awarded June the parties' home, furniture, automobile, savings and mutual fund, as well as a lump sum of money to be paid over approximately four years. All of these assets had an ascertainable value.

Robert, on the other hand, received assets more difficult of liquidation. His life insurance and pension fund would become valuable only in the future. The preferred stock and common stock were held in a family-owned business in which he was active. Although Robert's earning capacity was much superior to June's, he was required to pay his children's college and medical expenses, as well as the lump sum money to June over a four-year period. The award of the lump sum of money to June clearly takes Robert's salary into consideration. *Stanford v. Stanford* (1976), Ind.App., 352 N.E.2d 93.

Further, June's assessment of the value of the assets awarded to Robert was not accurate. At the time of the hearing, the cash value of Robert's life insurance policy was only $4,600.00. Robert introduced evidence at trial showing that his vested interest in his pension fund was significantly less

than $43,000.00, a factor the trial court may have considered in determining the award. The value of the preferred stock and common stock was also disputed at trial. June's valuation of $58,000.00 for the common stock was arrived at by using the stock's book value. However, Robert presented evidence that the stock's fair market value was much lower. The trial court was able to exercise its discretion in valuing the stock anywhere between these two figures when dividing the property. *Loeb v. Loeb* (1973), 261 Ind. 193, 301 N.E.2d 349.

▮ June's argument fails to consider the origin of the property Robert was awarded. In her brief, June argues that Robert was awarded 20 shares of common stock. However, Robert was in the process of acquiring five of those shares at the time of the hearing. Property acquired after final separation is not subject to division as a marital asset. *In re Marriage of Osborne* (1977), Ind.App., 369 N.E.2d 653. The remaining 15 shares of common stock which Robert received in the property division were a gift to him from his father. IC 1971, 31–1–11.-5–3 requires the court to consider this factor. The fact that Robert's efforts greatly increased the value of the common stock in no way affects the nature of the gift.

June also assesses a value on Robert's remainder interest in a trust when she refers to the assets awarded in the property division. The court's order made no disposition of Robert's remainder interest, a fact which June claims proves the court's failure to consider all of the marital assets.

▮ The court acted properly in omitting the remainder interest from its order. Robert had no present possessory interest in the trust. His remainder interest did not have a pecuniary value of which the court could have disposed. *Loeb v. Loeb, supra,* 301 N.E.2d 349.

▮ Finally, the trial court's failure to assign a specific value to each asset when ordering its disposition was not error. The court considered detailed testimony concerning the assets and profits of the company in which Robert held stock, as well as

Robert's rise in the business community and consequent increase in income and benefits. The court did not order the property division without knowing the value of the property, as in *Howland v. Howland* (1975), Ind. App., 337 N.E.2d 555. On its face the order disposing of the property was sufficiently specific. Values were referred to only where necessary to fix the amount of the asset being awarded (savings account, mutual fund, and the lump sum to June).

■ The court's distribution clearly reflects the required statutory considerations. The property division was fair, and it certainly was not against the logic and effect of the evidence before the court. We find no abuse of discretion.

## II.

### Attorney's Fees

June's attorney requested an allowance of $7,500.00 for his services in the dissolution proceedings. He introduced an exhibit showing that he had expended 91.5 hours on June's behalf up through the time of trial. The trial court ordered Robert to pay a total of $3,500.00 to June's attorney as attorney's fees.

June protests that the trial court abused its discretion in failing to order Robert to pay adequate attorney's fees.

■ IC 1971, 31–1–11.5–16 (Burns Code Ed., Supp.1978) provides as follows:

"The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [31–1–11.5–1—31–1–11.-5–24] and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment."

The statute allows the trial court to exercise broad discretion in determining the amount one party may be required to pay for the other party's attorney's fees. *Geberin v. Geberin, supra*, 360 N.E.2d 41; *DeLong v. DeLong* (1974), 161 Ind.App. 275, 315 N.E.2d 412.

■ On appeal, this Court will disturb an award of attorney's fees only when a party demonstrates a clear abuse of discretion. *In Re Marriage of Lewis, supra*, 360 N.E.2d 855; *Geberin v. Geberin, supra*, 360 N.E.2d 41. The trial court may choose to award less than the full "reasonable value of the attorney's services." *Johnson v. Johnson* (1976), Ind.App., 344 N.E.2d 875; *DeLong v. DeLong, supra*, 315 N.E.2d 412; *Mathews v. Mathews* (1972), 151 Ind.App. 70, 278 N.E.2d 325.

■ The trial court ordered Robert to pay a substantial share of June's attorney's fees, $3,500.00 of a total attorney's fees of $7,500.00. June has not shown in the light of the property settlement that the trial court abused its discretion by not ordering Robert to pay a larger share of her attorney's fees.

## III.

### Conclusion

After reviewing the property disposition and the award of attorney's fees in the dissolution judgment of the trial court, we conclude that the trial court did not abuse its discretion.

The judgment is affirmed.

GARRARD, P. J., and HOFFMAN, J., concur.