**In re Marriage of Grace McBRIDE, Respondent-Appellant,**

v.

**Noel S. McBRIDE, Petitioner-Appellee.**

**No. 1–1280A340.**

Court of Appeals of Indiana,
First District.

Nov. 17, 1981.

James E. Rocap, Jr., Rocap, Rocap, Reese & Young, Indianapolis, John B. McFaddin, McFaddin, McFaddin & Kenley, Rockville, for respondent-appellant.

Thomas M. Patrick, Patrick, Gabbert, Wilkinson, Goeller & Modesitt, Terre Haute, for petitioner-appellee.

## STATEMENT OF THE CASE

NEAL, Presiding Judge.

Respondent-appellant Grace McBride (Wife) appeals from a decree of dissolution granted in the Parke Circuit Court dissolving her marriage of 46 years to petitioner-appellee Noel S. McBride (Husband). The issues presented for review concern the division of property and attorney fees.

We affirm.

## STATEMENT OF THE FACTS

The parties were married on June 13, 1933, and during the course of their marriage had no children. Final separation of the parties occurred on November 12, 1979. During marriage, Husband was enrolled in medical school which he completed in 1935, and he immediately commenced his practice in Terre Haute, Indiana, specializing in ophthalmology. Husband retired in 1979 after a most successful career. Wife was employed briefly at the beginning of the

marriage and "supported herself," but was never gainfully employed after Husband commenced his practice. Evidence disclosed that the parties had servants most of their married life. They lived sumptuously, entertained stylishly, and otherwise enjoyed the good things of life. Wife conceded that "Mac has been very good to me."

Wife brought no assets of consequence into the marriage, but did, during coverture inherit $7,000–10,000, part of which she shared with siblings. Husband inherited $151,000 in 1957 in the form of Terre Haute real estate. The remainder of the marital assets was the product of Husband's professional practice.

The parties were both 74 years of age at the time of the trial. Wife may have emphysema and arthritis, but seemingly is not disabled. No health problems of Husband were reported.

The trial court awarded Wife assets, by Husband's version of the evidence, totaling $417,698.71, and awarded Husband assets totaling $681,756, which includes the $151,000 inheritance. Wife's calculations of the property division are $351,343 to her and $625,941 to Husband.

## ISSUES

Wife presents five issues for review alleging that the trial court abused its discretion in:

I.   Failing to make a just and reasonable division of assets as shown by the evidence;

II.  Failing to take into consideration the age, length of marriage, earning abilities and circumstances of the parties at the time of distribution;

III. Failing to consider the age of the wife, illness, probability of confinement and ability to provide for herself;

IV.  Placing more emphasis on Husband's contribution than Wife's contribution toward the parties' assets; and

V.   Failing to award adequate attorney fees.

We are of the opinion that Issues I–IV involve essentially the same issue and we will address them as one issue.

## DISCUSSION AND DECISION

*Issues I—IV. Property division*

Under the dissolution statute, Ind.Code 31–1–11.5–11 (Supp.1979) instructs the trial court to

"divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum, . . . as may be just and proper, or by ordering the sale of the same . . . and dividing the proceeds. . . ."

The trial court is further instructed that in determining what is just and reasonable it shall consider the following factors:

"(1) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as a homemaker;

(2) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) the economic circumstances of the spouse at the time the disposition of the property is to become effective including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(5) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

■ It is well settled that the trial court is not required to divide the marital property equally between the parties. Rather, Ind.Code 31–1–11.5–11 requires the court to divide the property in a just and reasonable manner. *Wilson v. Wilson*, (1980) Ind.App., 409 N.E.2d 1169; *Dahlin v. Dahlin*, (1979) Ind.App., 397 N.E.2d 606; *In re Marriage of Hirsch*, (1979) Ind.App., 385 N.E.2d 193.

The following cases support the trial court's decision awarding substantially disparate amounts to divorcing parties. *In re Marriage of Hirsch, supra; In re Marriage of Dougherty*, (1978) Ind.App., 371 N.E.2d 1328 ($19,500 to one party and $5,400 to the other party); *Wilcox v. Wilcox*, (1977) 173 Ind.App. 661, 365 N.E.2d 792 (all of marital assets to one party); *In re Marriage of Lewis*, (1977) Ind.App., 360 N.E.2d 855 ($34,000 to $2,000). *Johnson v. Johnson*, (1976) 168 Ind.App. 653, 344 N.E.2d 875; *Trimble v. Trimble*, (1976) Ind.App., 339 N.E.2d 614 (home and furnishings to $2,000).

■ The trial court's prerogatives and the standard of appellate review were described in *Irwin v. Irwin*, (1980) Ind.App., 406 N.E.2d 317, 319:

"The disposition of assets is a matter within the sound discretion of the trial court. *Johnson v. Johnson*, (1976) [168] Ind.App. [653], 344 N.E.2d 875. On review, we will not weigh the evidence but will examine the division only for an abuse of discretion. *In re Marriage of Hirsch*, (1979) Ind.App., 385 N.E.2d 193. Reversal is proper only when the resulting division is clearly against the logic and effect of the facts and circumstances before the court. *In re Marriage of Davis*, (1979) Ind.App., 395 N.E.2d 1254."

However, no single factor or test as set forth in Ind.Code 31–1–11.5–11 should control the decision. *Eppley v. Eppley*, (1976) 168 Ind.App. 59, 341 N.E.2d 212. Regardless of its source, property owned by the parties, including property acquired by inheritance, shall not be excluded from the "marital pot," or placed beyond the scope of the court's authority for division. However, the terms of the division remain within the exercise of the sound discretion of the trial court. *Wilson, supra; In re Marriage of Dreflak*, (1979) Ind.App., 393 N.E.2d 773.

Wife directs us to parts of the evidence and the decree wherein she contends the court abused its discretion by not applying the statutory factors. Condensed, her arguments through the first four issues are as follows: she is 74 years of age, has no children or family to look after her, is ill, and is unable to earn a living. The marriage lasted 46 years and she was a good homemaker in a manner befitting the wife of a leading surgeon. She insists that the court ignored these matters and placed undue emphasis upon contributions made by Husband. In short, she describes the decree as sexist. She further argues that the trial court's award of a Carefree, Arizona home to both parties as tenants in common should have been an award to her alone since Husband would not live there and she would for health reasons. In addition, this particular home was subject to a $45,000 mortgage. The court in its award, required each party to pay one-half of the mortgage, taxes and insurance. Wife argues that she may want to live there while Husband does not. She contends that Husband would control the future of the property, and further raises the spectre of a partition suit. She contends that because of her health, age, and inability to earn, she needs the total property so she can live in a more salubrious climate. Such an award, she concludes, was against the logic and circumstances before the court.

■ We view the property division as a whole, and primarily as a division of assets. If the joint ownership appears burdensome, Wife can either, by agreement or partition (or purchase), realize her equity in the realty in severalty. Partition is not an insurmountable obstacle. There is nothing about the division that prohibits Wife from living in Arizona for her health.

■ Wife, in reality, invites us to reweigh or at least reapply the evidence. The fact that the same circumstances would jus-

tify a different award does not permit us to substitute our judgment for that of the trial court. *Geberin v. Geberin*, (1977) Ind. App., 360 N.E.2d 41.

A reading of the record does not persuade us that the trial court did not consider the statutory factors. This court will presume that the trial court complied with the terms of Ind.Code 31–1–11.5–11. *Libunao v. Libunao*, (1979) Ind.App., 388 N.E.2d 574. We note that the division of the assets itself indicated that the trial court considered the statutory factors. Under the evidence the factors favorable to Wife are (1) contributions as a homemaker, (2) her current economic status, health and age, and (3) her inability to earn. Therefore, it is manifest that the trial court, in awarding a very substantial amount to her, did consider those factors.

We observe that Wife's arguments all contain a suggestion that she was left in a condition of want. Regardless of the proportion of the division, the award to Wife was substantial and we perceive no need of hers which the trial court has overlooked.

While inheritance must be considered as part of the "marital pot" it does not follow that the trial court, in the exercise of its sound discretion, must divide it in any particular way. *Wilson, supra; In re Marriage of Dreflak, supra; In re Marriage of Osborne*, (1977) Ind.App., 369 N.E.2d 653. As in *Osborne* there is no showing that Wife made any contributions to the acquisition, preservation, or enhancement, of the inherited property that required the court as a matter of law to divide it with her.

Absent the inheritance, the trial court divided the marital assets, by Husband's calculations, approximately .44 to Wife and .56 to Husband. Using Wife's calculations, the property division was .42 to her and .58 to Husband. If the inheritance is included, using Husband's calculations, the division is .38 to Wife and .62 to Husband. Using Wife's calculations, it is .36 to her and .64 to Husband.

We are therefore of the opinion that the trial court did not abuse its discretion in dividing the marital assets.

*Issue V.  Attorneys' fees*

The trial court awarded Wife's attorneys $4,000, which award she claims is inadequate. Ind.Code 31–1–11.5–16 provides that

> "The court . . . may order a party to pay a reasonable amount . . . for attorneys' fees, including sums for legal services rendered . . . prior to the commencement of the proceedings or after entry of judgment."

The statute allows the court to exercise broad discretion in determining the amount one party may be required to pay for the other party's attorneys' fees. On appeal, this court will disturb an award of attorney fees only when a clear abuse of discretion is demonstrated. The trial court may choose to award an amount less than the full reasonable value of an attorney's services. *In re Marriage of Hirsch, supra; Johnson, supra; DeLong v. DeLong*, (1974) 161 Ind. App. 275, 315 N.E.2d 412; *Mathews v. Mathews*, (1972) 151 Ind.App. 70, 278 N.E.2d 325. In determining attorney fees the court should take into consideration the economic circumstances of the parties. *DeLong, supra*. In *Mathews, supra*, the court stated that the trial court did not abuse its discretion in refusing to award all the attorney fees against a husband where the wife had hired four attorneys, some of whom travelled quite a distance to the forum. The court then said that if she did hire these attorneys it should be at her own expense. The reasonableness of an attorney fee is a matter of which the judge, being a lawyer, may take judicial notice. *Mathews, supra*.

The evidence on the reasonableness of the attorneys' fees is meager. Wife's attorneys placed into evidence a time sheet for work prior to trial reflecting 64.2 hours chargeable time. The average hourly charge by Indianapolis attorneys, where Wife's attorneys practiced, was $75 per hour for the chief attorney, and $50 per hour for his associate, who had logged nine hours of the total time. There was no

evidence of Terre Haute fee standards where the case was commenced, or Parke County fee standards where the case was tried. Much of the charged time was spent in travel from Indianapolis to Terre Haute. Prior to trial, Wife had six-figure cash accounts in her own name. The trial was not prolonged, and consisted mainly of presenting schedules of assets. No case has been cited wherein an appellate tribunal has reversed because of inadequacy of attorneys' fees. The courts of review have left this matter largely to the trial courts. Awards of attorneys' fees in one case are not authority for the sufficiency of awards in another.

In light of all the factors, we cannot say that the trial court abused its discretion in the award of attorney fees.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.