**Antoinette TEMPLE, Appellant (Respondent below),**

**v.**

**Byron TEMPLE, Appellee (Petitioner below).**

**No. 2–881A265.**

Court of Appeals of Indiana, Second District.

May 13, 1982.

Stephen L. Lucas, Donovan & Lucas, Greenwood, for appellant.

Frank J. Pope, Indianapolis, for appellee.

SHIELDS, Judge.

Antoinette Temple appeals the trial court's division of the marital property in the parties' decree of dissolution. She claims the division is erroneous because it is not a just and reasonable division and because the dissolution proceeding was heard and determined by a judge pro tempore.

Husband claims the trial court erred in ordering him to pay attorney fees for Wife's appeal.

We affirm.

I

Wife claims the division of property is erroneous because it is not a just and reasonable distribution under I.C. 31–1–11.5–11 (Burns Code Ed., Repl. 1980). She states the division of property was "roughly equal" and therefore not facially unfair. Nevertheless, she argues it was unjust and unreasonable because a consideration of all the factors in I.C. 31–1–11.5–11 must result in a division weighted significantly in her favor.

Specifically, Wife contends the division of property does not reflect the disparity in the earning ability of the parties, the husband's disposition or dissipation of marital assets, the property she brought to the marriage, as well as gifts to her, and her contribution as a homemaker to the acquisition of marital assets.

The division of marital assets is a matter within the sound discretion of the trial court. Therefore, on appeal, we review only for an abuse of discretion, which is a division clearly against the logic and effect of the facts and circumstances before the court. *Irwin v. Irwin*, (1980) Ind.App., 406 N.E.2d 317.

Further, in presenting her argument, Wife must overcome the presumption the trial court considered the statutory factors. *In re Marriage of Patus*, (1978) Ind.App., 372 N.E.2d 493. This she has not done, nor indeed could she. Instead, it is evident the trial court did consider the factors because

the distribution is in fact unequal and weighted in Wife's favor.

The primary assets of the marriage consisted of a residence, furniture, monies, and a life insurance policy. The liabilities were substantial. The trial court's division is as follows:

**WIFE:**

Assets:

| | | |
|---|---|---|
| Residence | $ 60,000 | |
| Automobile | 4,500 | |
| Certificate of Deposit | 7,000 | |
| Furniture | 5,000 [1] | |
| Gross Assets | | $76,500 |

Liabilities: [2]

| | | |
|---|---|---|
| Obligations related to the residence (Mortgage) | $ 46,675 | |
| (SBA) | 4,900 | |
| (Furnace) | 700 | |
| (Husband's judgment) | 6,000 | |
| Mastercharge | 100 [3] | |
| Ayres | 40 | |
| Catholic Social Services | 125 | |
| Gross Liabilities | | $ 58,540 |
| Net Assets | | $17,960 |

**HUSBAND:**

Assets: [4]

| | | |
|---|---|---|
| Judgment | $ 6,000 | |
| Furniture | | |
| Certificate of Deposit | 3,500 | |
| Insurance | 400 | |
| Gross Assets | | $ 9,900 |

Liabilities: [5]

| | | |
|---|---|---|
| Mastercharge | | 1,700 |
| Net Assets | | $ 8,200 |

Contrary to Wife's assertion that the distribution of marital assets was "roughly equal," our calculations reveal she received approximately 69% of the assets and Husband received about 31% of the assets.

1. The trial court determined the value of the furniture at $5,000. The furniture was awarded to Wife with the exception of an armoire, two (2) end tables, three (3) lamps, love seat, recliner, desk, and pool table which were awarded to Husband. Because the exceptions were not assigned a separate value, we assign the $5,000 to Wife although we realize the value is less because of the exceptions. However, the discrepancy is *de minimis* in light of the fact $5,000 represents the value of all the furniture in the five bedroom house, most of which was acquired within three years of the dissolution.

2. Wife assigned an additional $4,000 in liabilities to herself representing $1,500 in attorney fees incurred in a pending lawsuit with Servicemaster and a $2,500 figure as a contingent amount covering her possible liability under the suit. However, the amount incurred for attorney fees appears only in an affidavit filed with the Wife's motion to correct error and, therefore, cannot be considered on appeal. The record totally fails to support the contingent liability amount of $2,500 and, therefore, it, too, is not considered.

3. Although the record is devoid of evidence of the amount of this liability for airfare, the parties assent to this figure.

4. Wife also alludes to Husband's pension plan. However, the record is not only devoid of any valuation of such a plan, but also of the existence of a vested pension plan.

5. Wife included $100 in Husband's liabilities for an appraisal fee which we exclude because it represents a fee incurred as part of the dissolution proceeding.

The evidence is essentially undisputed Wife's earning capacity as reflected by her earnings is substantially less than Husband's; that she brought $3,500, a two-year-old automobile, and some furniture into the marriage; that she also received funds as wedding gifts which were used to purchase three end tables; that during the marriage she worked full-time or part-time as the family situation permitted, and at all times was the primary homemaker.

Furthermore, throughout the marriage, with the possible exception of its last two (2) years, the funds earned by the parties were treated as joint funds and used indiscriminately to pay the family expenses and obligations, including the obligations Husband brought to the marriage.

The evidence of dissipation consisted of Wife's testimony that during the last two years of the marriage Husband withheld substantial funds from a joint checking account which were used by Husband, in part, to purchase three and four new suits at a time, for a tennis club membership, and to pay court fees. Husband denied the withheld funds were used for any purpose other than personal and family maintenance.[6]

▮ There is evidence which would support the trial court's consideration of each factor of I.C. 31–1–11.5–11(b) in determining a just and reasonable division of the property, including I.C. 31–1–11.5–11(b)(1). Wife made a contribution to the acquisition of the property as a wage earner *and* homemaker. Thus, contrary to *Patus*, we find the statutory mandate to consider the contribution of each spouse to the acquisition of the marital property, including the contribution of a homemaker, is a recognition by the legislature that the homemaking endeavors of both spouses in a marriage have a marital value which contributes to the acquisition of marital property. There is no justification for limiting this factor exclu-

sively to a non-wage earner, primary homemaking spouse. Rather, both functions, homemaking and wage earning, are considerations.

▮ However, it is apparent the trial court did consider the entire statute and undoubtedly gave varying weight to the multiple factors. Wife received 69% of the assets, which can only reflect the trial court's consideration of the very factors she claims were not considered.

In summary, in our review of a division of property we pay deference to the trier of fact. The trial judge is vested with discretion in this Herculean task. We do not weigh the evidence or substitute our discretion for that of the trial judge. We find no error.

## II

▮ Wife asserts the trial court erred in permitting this action to be heard and determined by a judge pro tempore. However, her argument is limited to the contention error exists because the judge pro tempore who tried the case was not appointed judge pro tempore on the day the decree of dissolution was entered. We find Wife's claim is without merit. The Supplemental Record of Proceedings filed in this cause includes the appointment of the judge pro tempore for March 4, 1981, the date the decree was entered.

## III

Husband claims error because the regular judge of the trial court determined the Wife's request for attorney fees for her appeal rather than the judge pro tempore who heard and determined the petition for dissolution.

▮ He first argues the regular judge did not have the "authority" to award Wife-appellant attorney fees, but does so

---

**6.** Thus the issue of dissipation was disputed. However, construing the evidence most favorably to the court's judgment, as we must, we cannot say the trial court's judgment erroneously excluded consideration of that element, if in fact it did.

without cogent argument or citation of authority. We deem this argument waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

Next Husband argues the regular judge abused her discretion in awarding fees because the regular judge was without knowledge of the merits of the case and only had judicial knowledge of the decree. Therefore, he argues, she was limited to a consideration of the evidence presented at the hearing on fees, which he contends was insufficient to allow the award.

We disagree.

■ Husband cannot now assert as the basis for an abuse of discretion the fact the regular judge determined the petition for appellate attorney fees. Husband did not complain until the regular judge entered the order awarding fees. The record evidences at the time of the hearing on fees Husband was quite willing to have the regular judge make the determination. We deem this argument waived by Husband's failure to object at the time the petition was submitted for hearing.

■ Nor do we find an abuse of discretion in the allowance of fees based upon the evidence submitted at the hearing. The trial court heard testimony concerning the relative earning capacity and financial circumstances of the parties, as well as the efforts made by Wife to pay a portion of the expense of appeal. Based on the evidence presented, we find the trial court did not abuse its discretion in ordering Husband to pay a portion of the fees for Wife's counsel to prosecute this appeal. *Johnson v. Johnson*, 168 Ind.App. 653, 344 N.E.2d 875.

Judgment and order for fees affirmed.

MILLER, P. J., sitting by designation, and SULLIVAN, J., concur.