In re the MARRIAGE OF Marlene
RUPP, Petitioner-Appellant,

and

William D. Rupp, Respondent-Appellee.

No. 3-782A139.

Court of Appeals of Indiana,
Third District.

June 15, 1983.

 

Max Cohen, Cohen & Thiros, Merrillville, for petitioner-appellant.

William A. Padula, Rubino & Padula, Hammond, for respondent-appellee.

GARRARD, Judge.

Marlene Rupp (wife) and William Rupp (husband) were married on August 25, 1973. They separated on January 25, 1981, and their marriage was dissolved on March 3, 1982. Twin sons, Michael and David, were born on September 6, 1975. Husband was employed throughout the marriage by United States Steel Corporation and earns approximately $46,000 per year. Wife did not work outside the home during marriage, but at some time near the dissolution hearing she obtained a job with the Lake County government as a clerk/typist at a salary of $9,247 per year.

In dividing the marital assets the trial court awarded husband:

| Item | Value |
| --- | --- |
| the marital home | $117,500.00 |
| his U.S. Steel pension benefits | 15,489.74 |
| | $132,989.74 |

and ordered him to assume the following obligations:

| | |
| --- | --- |
| balance remaining on mortgage | (56,000.00) |
| all outstanding debts | (15,823.00) |
| cash transfer to wife | (20,000.00) [1] |
| cash transfer to wife | ( 7,000.00) [2] |

Husband's net distribution was thus $34,166.74.[3] Wife was awarded:

| Item | Value |
| --- | --- |
| cash (payable in gross) | $ 27,000.00 |
| 1980 Dodge Colt automobile | 4,500.00 |
| | $ 31,500.00 |

This figure also represents her net distribution as she was not required to assume any debts.

The trial court also awarded custody of the twins to wife and ordered husband to pay $600 per month as child support. Wife alleges that the trial court abused its discretion in distributing the marital assets and in fixing the amount of child support.

I.

The Dissolution of Marriage Act provides the sole method for dividing marital property in a dissolution, *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391. IC 31–1–11.5–11(b) states that:

"[T]he court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum, either in gross or in installments, as may be just and proper, or by ordering the sale of the same under such conditions as the court

---

1. This sum consisted of $15,000, which the trial court determined to be the wife's share of the equity in the marital house, and $5,000, which represented cash she had brought into the marriage.

2. This sum represents approximately one-half of the present vested value of husband's pension benefits.

3. Husband was also awarded a 1973 Pontiac automobile and several insurance policies. Due to age and number of miles this car had been driven, it was of negligible value. Husband could not cash in these policies as the trial court ordered him to keep the policies in effect with the children as beneficiaries.

may prescribe and dividing the proceeds of such sale."

In arriving at a just and reasonable division of marital property this statute directs the trial court to consider:

"(1) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(2) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(3) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(4) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(5) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties."

■ It is well settled in Indiana that the disposition of assets upon dissolution of marriage lies within the sound discretion of the trial court. On review we will not reweigh the evidence and will consider only that evidence and reasonable inferences therefrom which are most favorable to the appellee. We will examine the disposition only for an abuse of discretion and will reverse the trial court only where the result reached is clearly against the logic and effect of the facts and circumstances before the court. The fact that the evidence might support a different conclusion than that reached by the trial court does not permit us to substitute our judgment. *Taylor v. Taylor* (1982), Ind., 436 N.E.2d 56; *McBride v. McBride* (1981), Ind.App., 427 N.E.2d 1148; *Morgan v. Cooper* (1981), Ind. App., 415 N.E.2d 729; *Johnson v. Johnson* (1979), Ind.App., 389 N.E.2d 719.

■ As her principal argument wife contends that the trial court abused its discretion by failing to consider "the desirability of awarding the family residence or the right to dwell therein ... to the spouse having custody of the children." IC 31–1–11.5–11(b)(3). We disagree. The record contains significant amounts of evidence from wife regarding the advantages of permitting the twins to remain in a familiar home and neighborhood and from both parties regarding their respective abilities to meet the expenses of keeping up a house the size of this one. Although the trial court did not elaborate on its balancing of these considerations, there is no mandate that a trial judge dividing marital property state how and why he found and concluded as he did. *Cornett v. Cornett* (1980), Ind. App., 412 N.E.2d 1232. Furthermore, on review of a property division in a dissolution proceeding, we will presume that the trial court followed the law and gave consideration to the factors enumerated in the statute. *Cornett, supra,* 412 N.E.2d at 1235; *Dahlin v. Dahlin* (1979), Ind.App., 397 N.E.2d 606.

■ The essence of wife's argument is that the desirability of awarding the marital home to the custodial parent should have dictated the trial court's disposition of this asset. We cannot agree. This factor is merely one of five considerations found in IC 31–1–11.5–11(b). None of these factors is intended to be dispositive and each must be weighed in conjunction with the others. *McBride, supra,* 427 N.E.2d at 1151. Subject only to the mandate that the result must be "just and reasonable," the trial court has the discretion after consideration to minimize the impact of any one particular factor. *In re Marriage of Osborne* (1977), 174 Ind.App. 599, 369 N.E.2d 653.

The trial court apparently concluded that however, desirable it might be to keep the twins in the marital home, it simply was not within wife's economic ability to assume responsibility for the house. We conclude that the trial court's decision to award the house to husband, and to award wife a

share of the house's equity value in cash, was a reasonable and informed decision and not an abuse of discretion.

■ Wife also argues that she did not receive a sufficiently large share of the marital assets. This argument is without merit. The disparity in net value of assets awarded to each party is not nearly as large as wife represents it to be. Indeed the disposition approaches a 50–50 split. Furthermore, this court has on several occasions upheld awards of substantially disparate amounts of marital assets. *See McBride, supra,* 427 N.E.2d at 1148. We find no abuse of discretion here.

### II.

The trial court ordered husband to pay $600 per month as child support. He was also ordered to pay all necessary educational, medical, dental, hospital, optical, orthodontia and pharmaceutical expenses of the twins and to pay airfare and cabfare for wife and Michael when Michael must be treated for Hodgkin's disease at Sloan Kettering Hospital in New York City. Wife contends that this award is inadequate and, therefore, an abuse of discretion.

IC 31–1–11.5–12 governs awards for child support and states:

"(a) In an action pursuant to Section 3(a), (b), or (c), the court may order either parent or both parents to pay any amount reasonable for support of a child, without regard to marital misconduct after considering all relevant factors including:

(1) the financial resources of the custodial parent;

(2) standard of living the child would have enjoyed had the marriage not been dissolved or had the separation not been ordered;

(3) physical or mental condition of the child and his educational needs; and

(4) financial resources and needs of the noncustodial parent.

(b) Such child support order may also include, where appropriate:

(1) sums for the child's education in schools and at institutions of higher learning, taking into account the child's aptitude and ability and the ability of the parent or parents to meet these expenses; and

(2) special medical, hospital or dental expenses necessary to serve the best interests of the child.

(c) As part of such child support order the court may set apart such portion of the property of either parent or both parents, as may seem necessary and proper for the support of the child.

(d) The duty to support a child under this chapter ceases when the child reaches his twenty-first (21st) birthday unless:

(1) the child is emancipated prior to his twenty-first (21st) birthday in which case the child support, except for educational needs, terminates at the time of emancipation; however, an order for educational needs may continue in effect until further order of the court; or

(2) the child is incapacitated in which case the child support continues during the incapacity or until further order of the court."

■ The determination of the amount of child support to be paid is committed to the discretion of the trial court. *Branstad v. Branstad* (1980), Ind.App., 400 N.E.2d 167. On review we will disturb an award of child support only where an abuse of discretion is clearly shown. *Branstad, supra,* 400 N.E.2d at 169; *Geberin v. Geberin* (1977), 172 Ind. App. 255, 360 N.E.2d 41.

■ The trial court's order clearly shows that it considered the provisions of section (b)(2) as it provided for Michael's special medical requirements. There was also evidence presented on each of the factors listed in section (1). As with the property division statute, we believe that a trial court has the discretion to minimize the impact of any one factor and is not required to elaborate on its balancing of these factors. The trial court concluded that when the financial resources of both parents were considered, payments of $600 per month, along with the other noted expenses, was a

reasonable amount of support. We cannot say this decision constitutes an abuse of discretion.

Affirmed.

HOFFMAN, P.J., and STATON, J., concur.