## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision is not binding precedent for any court and may be cited only for persuasive value or to establish res judicata, collateral estoppel, or law of the case.



# IN THE
# Court of Appeals of Indiana

Ping Ye,

*Appellant-Petitioner*

v.

Richard Pickens,

*Appellee-Respondent*



**FILED**

Feb 19 2024, 8:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

February 19, 2024

Court of Appeals Case No.
23A-DN-698

Appeal from the Lake Circuit Court

The Honorable Marissa J. McDermott, Judge

Trial Court Cause No.
45C01-2010-DN-000702

**Memorandum Decision by Judge Felix**
Judges Bailey and May concur.

**Felix, Judge.**

## Statement of the Case

Ping Ye ("Wife") filed a petition (the "Petition") to dissolve her marriage with Richard Pickens ("Husband"). The trial court granted the Petition and divided the marital property. Wife presents one issue on appeal, which we restate as follows: whether the trial court abused its discretion in its division of the marital assets.

We affirm.

## Facts and Procedural History

Husband and Wife were married in 2004, and lived together in Dyer, Indiana. During their entire marriage, Husband worked for Northeast Railroad Commuter Service in Chicago, and Wife did not work outside the home. On October 28, 2020, Wife filed the Petition.

During their marriage, both Husband and Wife incurred significant debt. Both parties took out credit cards and loans in their individual names, and they purchased a condo in China that was placed in Wife's name and used by Wife's family. The trial court determined the condo had a fair market value of $200,000 with $30,000 still owed on the mortgage. Multiple times during the marriage, Wife took six-month-long trips to stay at the China condo while Husband stayed in Indiana and covered her expenses. Although the property

was purchased in Wife's name, Wife has since, without Husband's approval, or, even knowledge, transferred title to her family in China.

[5] On December 1, 2020, the trial court entered a provisional order setting forth responsibilities for the parties during the pendency of the Petition. The trial court ordered Husband to pay (1) the minimum monthly payments on all of Wife's incurred debts, (2) a portion of Wife's provisional attorney's fees, and (3) $165 per week in temporary spousal support.

[6] During the pendency of the Petition, Wife's conduct prolonged proceedings while increasing Husband's expenses. For instance, Wife failed to attend two scheduled mediation sessions, for which Husband was required to pay. Throughout the proceedings, Wife hired three different attorneys, and all three withdrew their representation. Wife paid for these attorneys with credit cards, and, pursuant to the trial court's provisional order, Husband was required to make the payments on these cards.

[7] Prior to the final hearing scheduled for October 7, 2022, Wife filed an Emergency Motion to Continue based upon the recent retention of her third attorney. The trial court denied this motion because Wife was "afforded 11 months to obtain new counsel" after her second attorney withdrew. Appellant's App. Vol. II at 19. On October 4, 2022, Wife filed a Motion for an Interpreter despite "Wife's prior two years of participating fully in English language proceedings." *Id.* The trial court granted the motion in part, allowing Wife to provide an interpreter at her own expense.

The final hearing took place over two days on October 7, 2022, and December 2, 2022. On November 21, 2022, Wife's third attorney filed a Motion to Withdraw based upon an altercation between Wife and the attorney's staff. On December 2, 2022, the trial court held an emergency hearing on the motion immediately prior to resumption of the final hearing; the trial court granted the attorney's Motion to Withdraw, finding that the circumstances were of Wife's own doing. After the third attorney's withdrawal, Wife told the trial court that she could proceed that day, and she finished the final hearing pro se.

On February 22, 2023, the trial court issued the Final Decree on the Dissolution of Marriage. The decree provided in relevant part:

> 16. The Court finds that there is a disparity in the parties [sic] earning ability, with Husband substantially more capable of earning income than Wife.

> 17. The Court also finds, however, that Wife's conduct during the marriage significantly dissipated the value of the marital estate. Both parties testified to the purchase of real estate, a condominium, located in China, where Wife's family lives. . . . Husband testified to taking on significant debt in order to purchase and renovate the property which Wife's family now enjoys and where Wife is known to have spent a great deal of time over the years since the purchase. Wife testifies that, contrary to Husband's belief and intent, the property in China has been transferred to certain unnamed members of her family and that she holds no legal title to it at this time. Evidence presented shows a current fair market value of approximately $200,000.00 in U.S. currency, with a mortgage or other encumbrance of approximately $30,000.00.

*  *  *

19. The Court declines to include the property itself in the marital estate as there is no reliable way to ascertain whether or not Wife holds title to same; moreover, it is immaterial, as any order of the Court awarding the property in China to Husband or its sale would likely be void under Chinese law. The Court does, however, find that Wife's conduct regarding the property in China constitutes a diminution of the marital estate and a dissipation of assets, in that testimony shows that the burden of the debt incurred to purchase it ultimately led to the loss of Husband's real estate in the United States in 2008, and her conduct in transferring the property to family . . . reduces that value of the marital estate-directly by approximately $170,000.00.

*  *  *

21. The Court finds that the marital estate had a date of filing value of $14,119.03 and that this amount is a mere 7.6% of what the value would be were it not for Wife's actions, which the Court finds were a willful fraud perpetuated on Husband.

**22. Having considered all of the statutory factors set forth in §31-15-7-5, the Court FINDS that a *deviation* from an equal division in this case would be just and reasonable.**

**23. Based on all of the statutory factors, the Court ORDERS a deviation in the division of the marital estate with Husband receiving one hundred percent (100%) of the value and Wife receiving zero percent (0%).**

**24. Despite this, the Court recognizes the disparity in income earning potential between the parties and declines to order Wife to take on any of the debts incurred in Husband's name**

or to make any equalizing payments from her own bank accounts.

**25.  Additionally, the Court limits this finding to the value at time of filing of the parties [sic] assets and debts, the value of Husband's pensions shall be assessed separately with Wife to receive 50% of the coverture value of those pensions in which Husband had a vested interest at the time of filing, including his Tier II Railroad Retirement benefits.  Husband's "manager pension," which testimony shows was not vested at the time of filing, shall not be so divided.**

 * * *

**27.  Possession of the leased marital residence is awarded to Husband, as wife has testified that she is unable to make the necessary payments to maintain said lease.  Wife shall have 30 days to vacate and find a new residence.**

**28.  The parties shall keep the vehicles in their own possession and each shall execute any necessary documents required to transfer ownership or title to the party in possession of said vehicle.**

 * * *

34.  Having heard the testimony of both Husband and Wife, the Court finds that during the intervening two years Wife at no point obtained gainful employment or attempted to do so, citing unarticulated health issues.  At no point did she seek additional training or certifications to prepare for the eventual finalization of her divorce.

35.  The Court will award a small measure of rehabilitative maintenance from Husband to Wife in order that she have some means to reestablish herself, but the amount and duration that the Court deems appropriate is determined after considering that Wife has been receiving maintenance, with no child care [sic] responsibilities or other demands on her energy for 26 months prior to the issuance of this Order.

Appellant's App. Vol. II at 22–27 (emphasis in original).

[10]  The trial court ordered Husband to pay spousal maintenance in the amount of $1,000 a month for the next four months or prepay the $4,000 at any time in that four-month timeframe.  The trial court also denied Wife's requests that (1) Husband maintain health insurance on her behalf, (2) Husband keep Wife as beneficiary on his life insurance policy, (3) Husband be ordered to continue making minimum payments on Wife's debts, and (4) Husband be ordered to pay rent at her new residence.

[11]  On March 28, 2023, Wife filed a Notice of Appeal with this court.  Three days later, Wife filed a Motion to Dismiss her appeal because she did not know if she wanted to pursue an appeal at that time; we denied this motion on April 5, 2023.  That same day, Wife's original appellate counsel filed a Motion to Withdraw with this court because Wife did not think counsel was honest with her and counsel did not "believe that the attorney-client relationship [was] a workable relationship" at that time.  Mot.  Withdraw at 1.  On April 11, 2023, we granted this Motion to Withdraw, and Wife proceeded with new appellate counsel.

## Discussion and Decision

[12] Wife argues that the trial court erred in its division of marital assets. We review the division of marital assets for abuse of discretion. *Roetter v. Roetter*, 182 N.E.3d 221, 225 (Ind. 2022) (citing *Luttrell v. Luttrell*, 994 N.E.2d 298, 304–05 (Ind. Ct. App. 2013)). "A trial court abuses its discretion if its decision stands clearly against the logic and effect of the facts or reasonable inferences, if it misinterprets the law, or if it overlooks evidence of applicable statutory factors." *Id.* (citing *Mitchell v. Mitchell*, 875 N.E.2d 320, 323 (Ind. Ct. App. 2007)). Here, the trial court entered findings sua sponte; thus, we ask "whether the evidence supports the findings, and whether the findings support the judgment," and we will set aside the judgment only when it is clearly erroneous. *Steele-Giri v. Steele*, 51 N.E.3d 119, 123 (Ind. 2016) (citing *In re S.D.*, 2 N.E.3d 1283, 1287 (Ind. 2014)).

[13] To divide marital property, the trial court must (1) identify the property in the marital estate and (2) distribute the property in a just and reasonable manner. *Roetter*, 182 N.E.3d at 226–27 (citing *O'Connell v. O'Connell*, 889 N.E.2d 1, 10–11 (Ind. Ct. App. 2008)). Marital property consists of "both assets and liabilities and encompasses 'all marital property,' whether acquired by a spouse before the marriage or during the marriage or procured by the parties jointly." *Id.* at 227 (internal citation omitted) (quoting *Eads v. Eads*, 114 N.E.3d 868, 873 (Ind. Ct. App. 2018)). Distribution of marital property begins with a presumption that equal division is the just and reasonable result. Ind. Code § 31-15-7-5. "[T]his presumption may be rebutted by a party who presents

relevant evidence . . . that an equal division would not be just and reasonable."
*Id.*

[14] When a party attempts to rebut the just and reasonable presumption, the trial court considers evidence regarding the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:
>
>> (A) a final division of property; and
>>
>> (B) a final determination of the property rights of the parties.

I.C. § 31-15-7-5(1)–(5). These statutory factors are not the only relevant factors available for consideration, and "no single factor controls the division of property." *Roetter*, 182 N.E.3d at 227 (citing *McBride v. McBride*, 427 N.E.2d 1148, 1151 (Ind. Ct. App. 1981)). However, when ordering an unequal division of marital assets, the trial court must consider all the statutory factors, *id.* (quoting *Wallace v. Wallace*, 714 N.E.2d 774, 780 (Ind. Ct. App. 1999)), and "state its reasons for deviating from the presumption of an equal division in its findings and judgment," *Eads*, 114 N.E.3d at 874 (citing *Barton v. Barton*, 47 N.E.3d 368, 379 (Ind. Ct. App. 2015)). "The party challenging the 'trial court's division of marital property must overcome a strong presumption that the court considered and complied with the applicable statute.'" *Roetter*, 182 N.E.3d at 225 (quoting *Wanner v. Hutchcroft*, 888 N.E.2d 260, 263 (Ind. Ct. App. 2008)).

[15] Wife claims the trial court erred in awarding Husband all the non-retirement assets in the marital estate; however, her argument lacks substance and is merely a recitation of the facts. Wife does not challenge any of the trial court's findings, so we accept them as true. *See R.M. v. Ind. Dep't of Child Servs.*, 203 N.E.3d 559, 564 (Ind. Ct. App. 2023) (citing *Madlem v. Arko*, 592 N.E.2d 686, 687 (Ind. 1992)). Wife does not point to a single case that suggests the trial court erred in its division of assets. Therefore, she does not provide the cogent reasoning required by Indiana Appellate Rule 46(A)(8)(a), so she waives this argument for our review. *See Miller v. Patel*, 212 N.E.3d 639, 657 (Ind. 2023).

[16] Waiver notwithstanding, we do not find the trial court erred in its division of the marital estate. Here, the trial court clearly demonstrated its consideration of

the statutory factors and identified its reasons for deviating from an equal division. The court considered how, when, and why the parties acquired property. The trial court acknowledged the difference in the earning capacities of the parties and accommodated that finding. It is clear that one of the biggest factors in the court's decision was the court's belief that Wife dissipated the vast majority of the marital estate when she transferred title of real estate to her family living in China. The dissipation of the marital estate reduced its value by more than 90%. Wife acknowledges that she was awarded $4,000 in maintenance but claims this amount was not enough. However, Wife delayed proceedings at the expense of the marital estate, and, during that time, she failed to find work or seek training that could increase her earning capacity. Thus, the trial court's division of the non-retirement assets adequately reflects consideration of the statutory factors. We conclude that the trial court did not abuse its discretion in its division of marital assets.

[17] Affirmed.

Bailey, J., and May, J., concur.

ATTORNEY FOR APPELLANT

Samantha M. Joslyn
Rensselaer, Indiana

ATTORNEY FOR APPELLEE
Robert A. Plantz
Merrillville, Indiana