Adeline PACTOR, Appellant
(Petitioner Below),

v.

Sam A. PACTOR, Appellee
(Respondent Below).

No. 2-977A352.

Court of Appeals of Indiana,
Second District.

July 16, 1979.

Leslie E. Howell and Thomas J. Campbell, Indianapolis, for appellant.

David J. Backer and Herbert J. Backer, Backer & Backer, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant-petitioner Adeline Pactor (Adeline) brings this appeal from the trial court's judgment dismissing her PETITION TO SET ASIDE DECREE REGARDING DISPOSITION OF PROPERTY.

We reverse.

The facts giving rise to this appeal are as follows:

On September 16, 1974 Adeline filed a petition for dissolution of the parties' marriage of thirty-four (34) years. Subsequently the parties negotiated a property settlement agreement, which they signed on April 9, 1975. The agreement contained a detailed schedule of the property owned by the parties either jointly or separately and acknowledged that both parties had disclosed therein "all of the property of which they have knowledge belonging to each of them or to them jointly." The agreement contained no provisions for modification or revocation.

On the same day the property settlement agreement was executed, April 9, 1975, the trial court conducted a final hearing on Adeline's petition for dissolution, and the court approved the agreement. The trial court entered its decree dissolving the parties' marriage on the same day, April 9, 1975, and the property settlement agreement was incorporated and merged into the decree.

Thereafter, on January 10, 1977, Adeline filed a petition to set aside that portion of the dissolution decree regarding the disposition of property, alleging that Sam had fraudulently concealed the existence and/or value of certain property in the amount of approximately One Hundred Thousand ($100,000) Dollars. Adeline's petition requested the trial court to: (1) set aside its

judgment incorporating the property settlement agreement; (2) order an accounting of all property owned by the parties as of April 9, 1975; (3) order a hearing to determine a fair division of all the property owned by the parties as of April 9, 1975; (4) order Sam to pay her counsel reasonable attorney's fees; and (5) for all other just and proper relief.

Subsequently Sam filed a motion to strike and dismiss Adeline's petition alleging: (1) that pursuant to IC 31–1–11.5–10 (Burns Code Ed., Supp.1977) the trial court was without jurisdiction to set aside or modify the property settlement agreement; (2) that pursuant to Indiana Rules of Procedure, Trial Rule 60(B), Adeline's petition was not timely filed; and (3) that the petition alleged insufficient facts to justify a claim for the relief requested.

On March 18, 1977 the trial court conducted a hearing on Sam's motion. The trial court granted Sam's motion on March 23, 1977 and entered a final judgment dismissing Adeline's petition on April 13, 1977. After the timely filing and overruling of Adeline's motion to correct errors, this appeal followed.

In this appeal the following issues are raised: (1) whether the trial court has jurisdiction to modify or set aside a property settlement agreement incorporated and merged into its decree; (2) whether the one year time limitation of TR 60(B)(3) bars Adeline's petition to set aside the property settlement agreement; and (3) whether Adeline's petition states sufficient facts to justify her claim for the relief requested.

Relying upon IC 31–1–11.5–10 (Burns Code Ed., Supp.1977) [1] and this court's decision in *Covalt v. Covalt,* (1976) Ind.App., 354 N.E.2d 766, Sam contends that the trial

---

1. IC 31–1–11.5–10 provides, in pertinent part:

Agreements. * * *

(b) In an action for dissolution of the marriage the terms of the agreement if approved by the court shall be incorporated and merged into the decree and the parties ordered to perform them, or the court may make provisions for disposition of property, child support, maintenance, and custody as provided in this chapter [31–1–11.5–1—31–1–11.5–24].

(c) *The disposition of property settled by such an agreement and incorporated and merged into the decree shall not be subject to subsequent modification by the court except as the agreement itself may prescribe or the parties may subsequently consent.* [IC 1971, 31–1–11.5–10, as added by Acts 1973, P.L. 297, § 1, p. 1585; 1974, P.L. 132, § 7, p. 558.] (emphasis added)

court has no authority to set aside or modify a property settlement agreement that has been incorporated and merged into a dissolution decree upon the grounds of fraud unless the agreement itself so provides or the parties consent. It is Sam's position that IC 31–1–11.5–17(a) (Burns Code Ed., Supp.1977)[2] permits a modification or revocation of an order as to property disposition upon the grounds of fraud only when the court has included its own order for the disposition of property in the decree pursuant to IC 31–1–11.5–11 (Burns Code Ed., Supp.1977).[3] We disagree.

Contrary to Sam's contentions, IC 31–1–11.5–17(a) does not distinguish between property dispositions in a dissolution decree arrived at pursuant to IC 31–1–11.5–10 or IC 31–1–11.5–11. Instead, IC 31–1–15–17(a) refers to property dispositions entered pursuant to IC 31–1–11.5–9 (Burns Code Ed., Supp.1977)[4]; and IC 31–1–11.5–9(a) encompasses orders as to property disposi-

tions arrived at pursuant to IC 31–1–11.5–10 *or* 31–1–11.5–11. IC 31–1–11.5–9(a).

 Thus, the general rule is that an order as to property disposition entered in a dissolution decree pursuant to IC 31–1–11.5–11 may not be revoked or modified, and an order as to property disposition entered in a dissolution decree pursuant to IC 31–1–11.5–10 may not be revoked or modified except as the agreement itself may provide or by the parties' consent. An exception to the general rule, however, is that an order as to the disposition of property entered into a dissolution decree pursuant to either IC 31–1–11.5–10 *or* IC 31–1–11.5–11 may be revoked or modified upon the grounds of fraud asserted within two (2) years of the entry of the dissolution decree. IC 31–1–11.5–17(a). Fraud is no less repugnant to the law merely because the parties utilize one method of dividing their property over another.

Moreover, *Covalt v. Covalt, supra,* does not support Sam's contentions. To the con-

**2.** IC 31–1–11.5–17(a) provides:

Modification and termination of maintenance, support and property dispositions. (a) * * * *The orders as to property disposition entered pursuant to section 9 [31–1–11.5–9] may not be revoked or modified, except in case of fraud which ground shall be asserted within two [2] years of said order.* (emphasis added)

**3.** IC 31–1–11.5–11 provides:

Disposition of property. In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3], the court shall divide the property of the parties, whether owned by either spouse prior to the marriage, acquired by either spouse in his or her own right after the marriage and prior to final separation of the parties, or acquired by their joint efforts, in a just and reasonable manner, either by division of the property in kind, or by setting the same or parts thereof over to one (1) of the spouses and requiring either to pay such sum as may be just and proper, or by ordering the sale of the same under such conditions as the court may prescribe and dividing the proceeds of such sale.

In determining what is just and reasonable the court shall consider the following factors:

(a) the contribution of each spouse to the acquisition of the property, including the contribution of a spouse as homemaker;

(b) the extent to which the property was acquired by each spouse prior to the marriage or through inheritance or gift;

(c) the economic circumstances of the spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell therein for such periods as the court may deem just to the spouse having custody of any children;

(d) the conduct of the parties during the marriage as related to the disposition or dissipation of their property;

(e) the earnings or earning ability of the parties as related to a final division of property and final determination of the property rights of the parties. [IC 1971, 31–1–11.5–11, as added by Acts 1973, P.L. 297, § 1, p. 1585.]

**4.** IC 31–1–11.5–9(a) provides:

Final decree. (a) In an action pursuant to section 3(a) [subsection (a) of 31–1–11.5–3] when the court has made the findings required by section 8(a) [subsection (a) of 31–1–11.5–8], the court shall enter a dissolution decree. *The decree may include orders as provided for in this chapter.*

A dissolution decree shall become final when entered, subject to the right of appeal. An appeal from the provisions of a dissolution decree that does not challenge the findings as to the dissolution of said marriage shall not delay the finality of that provision of the decree which dissolves the marriage, so that the parties may remarry pending appeal. (emphasis added)

trary, *Covalt* recognized that a property settlement agreement that has been incorporated and merged into a dissolution decree may be revoked or modified upon the grounds of fraud pursuant to IC 31–1–11.5–17(a); the court in *Covalt,* however, found that the evidence adduced at trial was not sufficient to support a finding of fraud in that case.[5] In this case, unlike *Covalt,* no trial was held on Adeline's petition and we are, therefore, unable to determine whether or not there is sufficient evidence to support the allegations of fraud.

■ Furthermore, the one year time limitation of TR 60(B)(3)[6] is inapplicable to Adeline's petition because her petition is based upon IC 31–1–11.5–17(a) and not TR 60(B)(3). Pursuant to IC 31–1–11.5–17(a), fraud may be asserted within two (2) years of the entry of the order as to property disposition.[7] Hence, Adeline's petition, filed some twenty-one (21) months from the date the order as to the disposition of property was entered, was timely filed pursuant to IC 31–1–11.5–17(a).

■■ Finally, to the extent that the trial court held that Adeline's petition[8] failed

5. This court held at 354 N.E.2d at 771:
 As the Property Settlement Agreement incorporated into the Decree of Dissolution contained no provision as to the subsequent modification of the property disposition as allowed by 10(c), and as *no fraud was proven as required by 17(a),* the trial court committed reversible error by modifying the original Decree of Dissolution to grant Karen the sum of Five Thousand ($5,000.00) Dollars. (emphasis added)

6. The pertinent provisions of TR 60 provide:
 (B) Mistake—Excusable neglect—Newly discovered evidence—Fraud, etc. On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order, default or proceeding for the following reasons:
 * * * * * *
 (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
 * * * * * *
 The motion shall be made within a reasonable time, and for reasons (1), (2), (3) and (4) not more than one [1] year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. Writs of coram nobis, coram vobist, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

7. In this regard, the dissolution of the marriage and the division of the property may be accomplished through two (2) separate orders issued on two separate dates. See IC 31–1–11.5–9; see also *Lewis v. Lewis,* (1977) Ind.App., 360 N.E.2d 855.

8. Adeline's petition averred, *inter alia*:
 6. That pursuant to paragraph two (2) of the section designated "Mutual Acceptance Of Property Settlement and Mutual Release" found on page five (5) of said Settlement Agreement, the parties acknowledged that they had disclosed all of the property of which they had knowledge belonging to each of them or to them jointly.
 7. That petitioner has reason to believe that Sam A. Pactor failed to disclose certain assets and/or the value of certain assets existing at the time this Property Settlement Agreement was executed, including, but not limited to:
 A. The assets of a certain corporation owned and subsequently sold by Sam A. Pactor.
 B. A KEOGH Plan established by Sam A. Pactor.
 C. The cash value of certain insurance policies held by Sam A. Pactor.
 D. Part of the income realized by the parties during the calendar year 1974.
 8. That without an accounting, petitioner cannot determine the extent of the property not reflected in the Property Settlement Agreement, however, petitioner has reason to believe the value of the property not reflected in the Settlement Agreement exceeds One Hundred Thousand Dollars ($100,000.00).
 9. That petitioner executed this Property Settlement Agreement believing that all property held by the parties was reflected in this agreement.
 10. That petitioner executed this Property Settlement Agreement believing that the value of all property held by the parties was reflected in this agreement.
 11. That petitioner had little knowledge of the financial affairs of the parties during time of their marriage.
 12. That Sam A. Pactor's failure to disclose the existance (sic) and/or value of this property constitutes fraud, thereby requiring this Court's decree regarding the disposition of the parties' property to be set aside.

to state a claim upon which relief can be granted, it was in error. While the case *sub judice* was initiated by way of petition, we do not feel that the "pleading" requirements should be any more stringent than the notice pleading requirements for a complaint. In this regard, the law in Indiana is settled that a complaint is subject to dismissal only when it appears to a certainty that the plaintiff would not be entitled to relief under any sets of facts. *State v. Rankin,* (1973) 260 Ind. 228, 294 N.E.2d 604. Moreover, even if the averments of fraud fail to comply with the special pleading provisions of Indiana Rules of Procedure, Trial Rule 9(B),[9] such defect is not fatal. As stated in *State Farm Mutual Auto. Ins. Co. v. Shuman,* (1977) Ind.App., 370 N.E.2d 941 at 949–50:

> The courts and commentators generally agree that compliance [with TR 9(B)] should not be compelled by outright dismissal of the action. Other remedies, such as a motion for a more definite statement or the use of discovery procedures, are available.

Viewing the allegations in Adeline's petition in the light most favorable to her, it cannot be said that it appears beyond doubt that she can prove no set of facts in support of her claim which would entitle her to relief. Moreover, we are of the opinion that Adeline's petition alleges sufficient facts to comply with TR 9(B).

For the foregoing reasons, the judgment of the trial court is reversed and remanded with instructions not inconsistent with this opinion.

SULLIVAN, J., concurs.

MILLER, J., sitting by designation, concurs.

---

9. TR 9(B) provides:

 Fraud, mistake, condition of the mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred. Malice, intent, knowledge, and other conditions of mind may be averred generally.