**Vasiliki KERAMIDA, Appellant (Respondent Below),**

v.

**Eleftherios C. ZACHMANOGLOU, Appellee (Petitioner Below).**

No. 4–1083A331.

Court of Appeals of Indiana, Fourth District.

Nov. 20, 1984.

**770**

Frank E. Spencer, Indianapolis, for appellant.

Ann G. Davis, Indianapolis, for appellee.

YOUNG, Judge.

Vasiliki Keramida (Vicky) appeals the trial court's decree dissolving her marriage to Eleftherios Zachmanoglou (Terry), giving Terry custody of their daughter and requiring Vicky to pay $45.00 per week for child support. On appeal, Vicky argues the trial court erred in admitting a child psychologist's written report, which was offered by Terry. She also claims the trial court abused its discretion in giving Terry custody of their daughter and in ordering her to pay child support.

We affirm.

To support his request for custody of the parties' daughter, Terry employed Kathryn Black, a child psychologist, to assess their family relationships. Black testified that it would be in the child's best interest to remain with her father because this would enable her to remain in the same house she had lived in since infancy. Black testified that this would assure continuity in her life. Black also said that joining her mother, who planned to move to a different city, would be stressful for the child. Further, Black testified that both Terry and Vicky were adequate parents.

During Black's testimony, Terry was allowed to put her written report into evidence. Vicky argues that, because this

report was hearsay and not the best evidence, the trial court erred in admitting it. We disagree. First, the best evidence rule provides only that the contents of a written document may not be established by testimony, where the document itself is available. *Howard v. State*, (1976) 264 Ind. 275, 342 N.E.2d 604; *Pinkerton v. State*, (1972) 258 Ind. 610, 283 N.E.2d 376. This rule does not, as Vicky's counsel believes, preclude the admission of a witness's prior written statement whenever the witness is available to testify.

As to Vicky's hearsay objection, we agree that the written report was an out-of-court statement made by Black, tendered in court for the truth of the matters stated therein. The report also recounted statements made to Black by persons acquainted with the parties. This report clearly falls within the general definition of hearsay. *See McClain v. State*, (1980) Ind., 410 N.E.2d 1297; *Consolidated Rail Corp. v. Thomas*, (1984) Ind.App., 463 N.E.2d 315. It is well established in this state, however, that:

> a prior statement of a witness is admissible, not only for purposes of impeachment, but also as *substantive evidence*, provided the out-of-court asserter is present at trial for cross-examination.

*Smith v. State*, (1980) Ind.App., 400 N.E.2d 1137, 1141 (citing *Patterson v. State*, (1975) 263 Ind. 55, 324 N.E.2d 482).

■ The writer of the disputed report, Black, testified at trial about her impressions of the parties' family life; she was available for cross-examination concerning her report. Thus, to the extent that the report contained prior statements by Black, it was admissible under the *Patterson* rule. As for the statements in the report attributed to five acquaintances of the parties, we note that three of these persons testified at trial and were available for cross-examination concerning their out-of-court

statements. Thus, the statements in Black's report attributed to these witnesses were also admissible under the *Patterson* exception.[1]

■ Two of those quoted in Black's report were not present at trial. The report quoted one of these persons as saying that, two years before Terry filed his petition for dissolution, the parties seemed to have a harmonious relationship and both seemed to be good parents. Black's report quoted the other absent source as saying Terry customarily picked his daughter up from school between 4:30 and 5:00 P.M. The statements in Black's report attributed to these two persons were technically hearsay. Vicky does not explain, however, and we cannot see how these brief and innocuous statements prejudiced Vicky. We accordingly find no reversible error in the admission of Black's written report.

Vicky also contends the trial court abused its discretion in giving Terry custody of their daughter and in ordering her to pay $45.00 per week for child support. The only argument in Vicky's brief concerning child support seems to be that she should not be required to pay support because she should have custody of the child. Thus, like the appellant, we will focus on the court's decision to award custody to Terry.

■ A trial court's custody decision is guided by IND.CODE 31–1–11.5–21(a) (1982):

> The court shall determine custody and enter a custody order in accordance with the best interests of the child. In determining the best interests of the child, there shall be no presumption favoring either parent. The court shall consider all relevant factors including:
>
> 1) the age and sex of the child;
>
> 2) the wishes of the child's parent or parents;

1. Vicky's counsel attempts to distinguish this case from *Patterson* by noting that, in *Patterson*, the prior statement's maker was actually on the stand when the statement was introduced, whereas the out-of-court declarants quoted by Black were not. No such distinction, however,

has been made in the cases following *Patterson*. *See Lewis v. State*, (1982) Ind., 440 N.E.2d 1125, *cert. denied*, (1983) 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284; *Joy v. State*, (1984) Ind.App., 460 N.E.2d 551.

3) the wishes of the child;

4) the interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

5) the child's adjustment to his home, school and community; and

6) the mental and physical health of all individuals involved.

In deciding whether the trial court followed these guidelines, we will not reweigh the evidence or substitute our judgment for the trial court's. We will reverse the trial court's child custody decision only if it is so clearly against the logic and effect of the facts presented as to constitute a manifest abuse of discretion. *D.H. v. J.H.,* (1981) Ind.App., 418 N.E.2d 286.[2]

■ Evidence presented at trial showed that the parties' daughter was five years old. Terry was forty-nine and had three children from a prior marriage, all of whom were then over twenty-one. Vicky was thirty-six and had no other children. Testimony showed that Terry earns $50,000 per year and has a flexible work schedule, leaving him free to spend several hours with his daughter each day. Vicky, on the other hand, has commuted to work from West Lafayette to Indianapolis since two years before the dissolution. Her job with the Indianapolis Department of Public Works pays approximately $25,000 per year. Because of the time demanded by Vicky's work, Terry assumed responsibility for most of the parties' household chores and he spent more time than Vicky caring for their child. One witness testified that Terry was the more nurturing parent. After

the parties separated, the child stayed with Terry in the family residence in West Lafayette. Vicky said that, if she were granted custody, she would move with her daughter to Indianapolis.

As noted above, Terry presented the testimony of a child psychologist, who said that the child should remain with Terry to preserve continuity in her life. Vicky presented an expert who said it would be in the girl's best interest to be with her mother, so that she could grow up with a role model of her own sex. Each expert said that Terry and Vicky were both adequate parents.

Based on this evidence, we are hard pressed to find any abuse of discretion in the trial court's order. The trial court faced a difficult choice between two good parents, and it decided that the child's best interests would be served by granting custody to Terry.[3] Indeed, in challenging the trial court's decision, Vicky hardly discusses the evidence presented at trial. Instead, she relies on her affidavit submitted with her motion to correct errors, stating that Terry denied her reasonable visitation after trial and told her "I will make the rules from now on because you lost and I won the case. Visitation will be every other weekend only."[4] According to Vicky, this affidavit proves Terry perpetrated a fraud upon the court when he said at trial that he would favor liberal visitation.

Despite this affidavit, we are not convinced that the trial court abused its discretion in giving custody to Terry. Even if true, the affidavit might be taken as proving only that Terry felt animosity toward Vicky shortly after trial such that he was

---

2. As we have noted in other contexts, the lack of firm statutory guidelines in this area and our standard of appellate review gives the trial court almost limitless power in deciding child custody questions. Thus, absent some egregious legal error, we are forced to recite the facts and pronounce in conclusory terms that the court's decision was or was not an abuse of discretion. *See Lord v. Lord,* (1982) Ind.App., 443 N.E.2d 847, 850–51 n. 4. This illusory standard of review belies our constitution's promise of "an absolute right to one appeal" in "all cases." Indiana Constitution art. 7, § 6.

3. We note that the trial court had no discretion at the time of trial to give the parties joint custody of their daughter, absent a written agreement between the parties to joint custody. *Lord v. Lord,* (1982) Ind.App., 443 N.E.2d 847.

4. The trial court's decree provided that Vicky "shall have the right of visitation at all reasonable times and places."

inclined to make rash statements. We cannot say that this fact alone so outweighed all the favorable evidence about Terry that the trial court could not reasonably have refused to change its custody order. Moreover, the court also had before it Terry's affidavit stating he had proposed that Vicky have visitation one or two nights each week in addition to alternate weekends. Terry's affidavit also said that Vicky had their daughter with her continuously throughout August, 1983, until the start of the school year. From this affidavit, the trial court was entitled to conclude that Terry was willing to give Vicky reasonable visitation and thus had not attempted to mislead the court by his testimony at trial. Thus, although the trial court could justifiably have awarded custody of the child to Vicky, it clearly did not abuse its discretion in giving custody to Terry.

The trial court's judgment is affirmed.

MILLER, P.J., concurs in result.

CONOVER, J., concurs.