Marlene M. **FEITZ** Appellant
(**Respondent Below**),

v.

Bob E. **FEITZ** Appellee
(**Petitioner Below**).

No. 71A04–8806–CV–197.

Court of Appeals of Indiana,
Fourth District.

Feb. 16, 1989.

Patrick Brennan, Thomas F. Grabb, South Bend, for appellant.

Frederick B. Ettl, South Bend, for appellee.

CHEZEM, Judge.

Appellant wife appeals the division of property in the Dissolution of this Marriage and the trial court's failure to grant a new trial based on newly discovered material evidence and fraud. We reverse.

The parties present four issues for review. We state them as follows:

Issue 1. Was there error in the calculation of support arrearage?

Issue 2. Was the trial court's division of property so unjust and unreasonable as to be an abuse of discretion?

Issue 3. Did the trial court abuse its discretion by failing to award Mrs. Feitz a sum for her attorneys' fees and her cost of litigation?

Issue 4. Did the trial court err in failing to grant a new trial based on newly discovered material evidence and fraud?

Appellant wife and husband were married twenty-six and one-half years. For seven years of the marriage the parties lived on a farm owned by parents without paying rent. Wife's parents provided the family with meat, milk, and poultry. Both husband and wife were hard workers. Wife gardened and preserved the produce from her garden. She also painted, wallpapered, stripped woodwork, and kept the house while caring for four children during this time. The husband worked on the farm and did repair and maintenance on the house while working at AM General as an electrician. Wife's family gave her cash gifts of over Twenty Thousand dollars ($20,000.00) which went into the marital estate. Husband's parents gave the couple Four Hundred Fifty Dollars ($450.00) cash and two lots in Florida.

The parties accumulated a great deal of real and personal property during the marriage. In addition to that property divided by the court, the wife contends that they owned One Hundred Sixty Thousand Dollars ($160,000) in certificates of deposit, investments in gold and silver, debts owed to parties by their children a snowmobile, four guns and one half interest in real estate owned with husband's brother, all of which husband denies.

Husband alleges that the parties had several debts at the time of final separation. He claims that he withdrew the sum of Thirty Thousand Nine Hundred and Fifty–Four Dollars ($30,954) from two banks at the time of filing to pay all marital debt. Wife disputes this claim.

The parties also dispute whether or not Husband's pension from AM General is vested and what its value would be if it is indeed vested.

The trial court ordered both parties to pay their own attorney fees.

The first issue for review is whether or not there was error in the calculation of support arrearage.

This issue has the simple answer of yes. Both parties agree that Wife did not receive the Four Hundred and Seventy Dollars ($470.00) from a check on which payment was stopped. The trial court subtracted these funds from her award of support arrearage. Therefore, upon retrial the amount of support arrearage should be Two Thousand Five Hundred and Eighty–Five Dollars ($2,585.00).

The second issue is whether or not the trial court's division of property giving the wife an award of the value of One Hundred Three Thousand Eight Hundred Fifty–Four Dollars ($103,854.00), and the husband an award valued at One Hundred Twenty–One Thousand Six Hundred Forty–Five Dollars ($121,645.00) and ordering him to pay Thirty Thousand Dollars ($30,000) in cash to the wife is so unjust and unreasonable as to be an abuse of discretion.

We are faced with two problems in reviewing the trial court's property division. First of all, the order of dissolution and division of property does not tell us whether the court considered the real estate alleged to be owned jointly with husband's brother, the husband's pension plan, the loans to the sons, and other items of personal property to be in the marital estate, or not. We are required to review the disposition of marital assets "as a whole,

not item by item," in determining whether the disposition is just and reasonable as required by statute. *Hoyle v. Hoyle* (1985), Ind.App., 473 N.E.2d 653, 657. Without knowing whether or not these items were considered to be part of the marital estate and if so, what value the court put upon those items, we cannot properly review the division of property.

The second problem which is dispositive of this appeal is that the values placed on certain items of property by the trial judge are not supported by any evidence. Those items are the Tax Business Sale Value ($20,000), Ultra Light Plane ($1,000) and Stock in 1st United and Midwest Management ($3,600). A review of the transcript reveals no testimony from which these valuations could be determined. The testimony of the witness who attempted to establish the sale value of the tax business was completely speculative. This witness had not examined any books or records of the business which she was attempting to value. When there is no evidence supporting the value assigned by the court to the property, then we must find an abuse of discretion. *In Re Marriage of Sharp* (1981), Ind.App., 427 N.E.2d 690.

Having so decided on the above issue, there is no need to address the issue of attorneys' fees.

Also, the remaining issue of denial of a new trial based upon newly discovered evidence is now moot since we are remanding for a new trial.

Therefore this cause is ORDERED reversed and is hereby remanded to the trial court for a new trial.

RATLIFF, C.J., and MILLER, J., concur.