LEVER BROTHERS COMPANY,
Appellant–Defendant,

v.

Tharon Carlene LANGDOC,
Appellee–Plaintiff.

No. 45A03–9502–CV–40.

Court of Appeals of Indiana.

Sept. 22, 1995.

Jeffrey F. Gunning, Richard N. Shapiro, Pinkerton and Friedman, P.C., Munster, for appellant.

William H. Tobin, Ruman, Clements, Tobin & Holub, P.C., Hammond, for appellee.

**OPINION**

STATON, Judge.

Lever Brothers Company ("Lever Brothers") appeals from the trial court's judgment of damages in favor of Tharon Carlene Langdoc ("Langdoc"). Lever Brothers raises six issues for appellate review which we consolidate into three and restate as follows:

    I.  Whether the trial court erred in determining that Lever Brothers was liable for negligence.

    II.  Whether the trial court erred in determining that Lever Brothers was liable for trespass.

    III.  Whether the finding of facts were supported by the evidence and whether these findings supported the trial court's judgment.

We affirm.

The facts most favorable to the judgment reveal that Lever Brothers operated a manufacturing plant in Hammond, Indiana. Pursuant to a wastewater discharge permit, Lever Brothers discharged its accumulated waste into the Hammond public sewer system and paid the City for treatment. On the average, Lever Brothers discharged approximately one million gallons of effluent daily into the City's sewer system. On April 19, 1993, Lever Brothers discharged an 8,000 gallon slug of blended oil into the sewer system in violation of a city ordinance which prohibited slug discharges. On May 20, 1993, Lever Brothers received a notice of violation from the Sanitary District of Hammond.

Langdoc, a flight attendant, is a tenant of a duplex which is located directly east of the Lever Brothers plant. On April 19, 1993, Langdoc returned home from a trip and noticed that her shower basin was draining slowly. Langdoc also observed water backing up from the floor drain in her basement and this backup caused a six foot wet area around the drain. Langdoc notified her landlord, Caroline Pavlovich ("Pavlovich"), who contacted the Hammond Sanitary District. A sanitation employee inspected the premises and determined that the blockage

was not caused by the City. On April 22, 1993, Langdoc called a plumber who unplugged the drain by rodding out a white, lard-like, fatty substance. Lever Brothers paid for the plumber's services.

On June 7, 1993, heavy rainstorms and a subsequent power failure caused flooding in over six hundred basements of homes located near Lever Brothers' plant. Langdoc's basement was flooded and a watermark on the wall indicated a water backup of approximately eight to twelve inches. Langdoc noticed a foul odor in her basement and observed that the floor and many of her personal belongings were covered with a white, fatty substance identical to the substance that was extracted from her drain in April 1993. Much of Langdoc's belongings were unsalvageable as a result of this substance. Langdoc notified Lever Brothers of her losses but received no compensation.

Langdoc filed a complaint for damages against Lever Brothers in October 1993. Following a bench trial, the trial court found Lever Brothers liable for negligence, negligent trespass, and nuisance and entered a judgment in favor of Langdoc for $6,937.49 plus costs.[1] Lever Brothers' filed a motion to correct error which was denied; this appeal ensued.

■ Prior to trial, Lever Brothers requested specific findings of fact pursuant to Ind.Trial Rule 52(A). When a party has requested specific findings of fact and conclusions thereon pursuant to T.R. 52(A), the reviewing court cannot affirm the judgment on any legal basis; rather, this Court must determine whether the trial court's findings are sufficient to support the judgment. *Vanderburgh County Board of Commr's v. Rittenhouse* (1991), Ind.App., 575 N.E.2d 663, 665, *trans. denied.* In reviewing the judgment, we must first determine whether the evidence supports the findings and second, whether the findings support the judgment. *Id.*

■ The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *DeHaan v. DeHaan* (1991), Ind.App., 572 N.E.2d 1315, 1320, *trans. denied.* Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

## I.

### Negligence

■ Lever Brothers contends that it cannot be held liable for negligence because it owed no duty to Langdoc. To recover on a theory of negligence, a plaintiff must establish three elements: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure of the defendant to conform his conduct to the requisite standard of care required by the relationship; and (3) an injury to the plaintiff proximately caused by the breach. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995, *reh. denied.*

■ The record indicates, and Lever Brothers concedes, that its discharge of the slug was in violation of a Hammond City Sewer Use Ordinance. The unexcused or unjustified violation of a duty proscribed by a statute or ordinance constitutes negligence per se if the statute is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of type of harm which occurred as a result of its violation. *French v. Bristol Myers Corp.* (1991), Ind.App., 574 N.E.2d 940, 943, *trans. denied.* Municipal ordinances have the same local force and effect as statutes, and hence the same rule applies. *Id.*

■ The City of Hammond Sewer Use Ordinance, No. 4996, provides, in pertinent part, that no user of the system shall contrib-

---

1. Specifically, the court awarded Langdoc: $5,527.49 in property damages; $240 for labor in cleaning the basement; $170 for having to use Laundromat facilities from June 1993—October 1993; and $1,000 for inconvenience, discomfort, and mental suffering.

ute the following substances: (1) solid or viscous substances which may cause obstruction to the flow in a sewer or other interference with the operation of the wastewater treatment facilities; (2) any unusual volume of flow or concentration of wastes constituting "slugs" that are released in a single extraordinary discharge event which causes interference to the POTW [Publicly Owned Treatment Works]; (3) any wastewater which causes a hazard to human life or creates a verified public nuisance; and (4) any fats, oil or grease shall not be present in such quantities as to create a visible free floating or separate layer or in such quantities as to interfere in any way with the normal operations of the POTW or in such quantities as to create special treatment or leave deposits on pipe walls, tanks, etc.

The stated objectives of Ordinance No. 4996 are:

a) To prevent the introduction of pollutants into the municipality wastewater system which will interfere with the normal operations of the system or contaminate the resulting sludge;

b) To prevent the introduction of pollutants into the POTW, which do not receive adequate treatment in the POTW, and which will pass through the system into receiving waters or the atmosphere or otherwise be incompatible with the system;

c) To improve the opportunity to recycle and reclaim wastewaters and sludge from the system.

Thus, the purpose of this ordinance was to protect against blockage in the system by limiting the amount of waste discharged into the system to ensure that the sanitation department can effectively treat the sewage so as to avoid the spread of bacteria, disease, and pollutants to those persons served by the sewage system.

Lever Brothers conceded at trial that it had violated the ordinance when it discharged the slug and this violation affected Langdoc, a person directly served by the public sewer system and harmed by the violation. This ordinance sets forth the scope of Lever Brothers' duty and its violation of the ordinance breached that duty. Thus, the trial court correctly determined that Lever Brothers was liable to Langdoc for negligence.

Moreover, our courts have followed the general rule that:

One may not always conduct a lawful business on his own premises as he pleases. The law requires that every one in the use and enjoyment of his property shall have regard for the rights of others, and will not allow him to set up or prosecute a business on his own land in a way that is calculated to, or in fact does, materially or injuriously affect the rights of adjoining owners ...

*Pitcairn v. Whiteside* (1941), 109 Ind.App. 693, 34 N.E.2d 943, 946, *trans. denied* (citing *Fort Wayne Cooperage Co. v. Page* (1908), 170 Ind. 585, 84 N.E. 145).

It is a fundamental principle that a person may not use his land in such a way as to unreasonably injure the interests of persons not on his land—including owners of adjacent lands, other landowners, and users of public ways. *Justice v. CSX Transportation, Inc.* (7th Cir.1990), 908 F.2d 119, 123, *reh. denied* (applying Indiana law and citing *Pitcairn, supra; Fort Wayne Cooperage, supra;* and W. Page Keeton et al, *Prosser and Keeton on the Law of Torts* § 57, at 386 (5th ed. 1984)).

■ In addition to breaching its duty of care when it violated the city ordinance, Lever Brothers, by discharging waste materials into a public sewer system, had a duty not to discharge its waste in an unreasonable manner so as to injure the interests of other persons who were served by that system. Lever Brothers breached that duty when it discharged material which interfered with the system and damaged Langdoc. Accordingly, we reject Lever Brothers' contention that the trial court erred in holding it liable on a negligence theory because it owed no duty to Langdoc.

## II.

### *Trespass*

■ Lever Brothers contends that the trial court erred in determining that it was liable for negligent trespass. An action for trespass requires the plaintiff to prove that

he was in possession of the land and that the defendant entered the land without right. *Sigsbee v. Swathwood* (1981), 419 N.E.2d 789, 799. Moreover, it is a general rule of tort law that:

> One who recklessly or negligently, or as a result of an abnormally dangerous activity, enters land in the possession of another or causes a thing or third person so to enter is subject to liability to the possessor if, but only if, his presence or the presence of the thing or the third person upon the land causes harm to the land, to the possessor, or a thing or a third person in whose security the possessor has a legally protected interest.

Restatement (Second) of Torts § 165 (1965).

■ While no Indiana case has examined whether the entry of noxious material onto one's property causing harm constitutes a trespass, other jurisdictions have determined that a trespass action will exist if there is a direct causal relation between the conduct of the actor and the intrusion of foreign matter upon the possessor's land causing harm. *See Scottish Guarantee Ins. Co., Ltd. v. Dwyer* (7th Cir.1994), 19 F.3d 307, 311 (plaintiffs had cause of action for negligent trespass for personal injuries and property damage arising from defendant's toxic chemicals released during a fire which seeped into plaintiffs' soil contaminating their water wells); *Dial v. City of O'Fallon* (1980), 81 Ill.2d 548, 44 Ill.Dec. 248, 251, 411 N.E.2d 217, 220 (defen-

dants could be liable for water backup in plaintiff's basement caused by closing of overflow outlet in public sewer system).

In *Fortier v. Flambeau Plastics Co.* (1991), Wis.App., 164 Wis.2d 639, 476 N.W.2d 593, *rev. denied,* the Court of Appeals of Wisconsin addressed a case with similar facts. There, three chemical companies deposited toxic chemicals into a city landfill and the chemicals seeped or leached from the landfill to the plaintiffs' nearby properties contaminating their water wells. *Id.* 476 N.W.2d at 597. Adopting § 165 of the Restatement (Second), *supra,* the court determined that chemical compounds intruded on the plaintiffs' property causing personal injury and property damage, and thus, the plaintiffs' had a cause of action for negligent trespass. *Id.* at 608–609.

■ Here, Langdoc suffered property damage as a result of a fatty, greasy substance which seeped from her basement drain which was caused by Lever Brothers' discharge of prohibited materials into a public sewer system. Applying § 165 of the Restatement (Second), *supra,* we determine that Lever Brothers' actions prompted foreign matter to enter property possessed by Langdoc causing her property damage; this constitutes a negligent trespass.[2] Accordingly, we conclude that the trial court did not err when it held Lever Brothers liable for negligent trespass.[3]

---

**2.** Lever Brothers argues that it cannot be held liable for trespass because once it discharged its waste, it no longer had possession or control of the waste, and therefore cannot be held responsible for the damage that this waste caused. Lever Brothers rely upon *Barber v. Cox Communication, Inc.* (1994), Ind.App., 629 N.E.2d 1253, 1259, *trans. denied,* to support its contention. Yet, Lever Brothers' reliance upon *Barber* is misplaced. In *Barber,* an independent contractor's employee sued a cable company for injuries he sustained when a utility pole fell on him, claiming that the cable company was negligent in failing to warn him of the dangerous condition of the utility pole. *Id.* at 1258. This court affirmed the trial court's grant of summary judgment in favor of the cable company, determining that the cable company transferred its interest as a licensee in the utility pole prior to plaintiffs' injury and thus, could not be liable because it no longer possessed or controlled the property at issue. *Id.* at 1259.

Here, Lever Brothers is attempting to circumvent its liability for trespass by contending that once it discharged its waste into the public sewer system, it was no longer responsible for its effects. Such a proposition would effectively allow users of a public sewer system to discharge waste in any manner without ramification in contravention of established public policy protecting residents and the environment from pollutants. Lever Brothers' argument is without merit.

**3.** Lever Brothers also contends that the trial court erred in holding it liable for nuisance. A nuisance is:

> [w]hatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property ...

Ind.Code § 34–1–52–1 (1993). In determining what constitutes a nuisance, the relevant inquiry is whether the thing complained of produces such a condition as in the judgment of reason-

### III.

#### Factual Findings and Judgment

Lever Brothers contends that the trial court's findings of fact, Nos. 4 and 10, are unsupported by the evidence. As indicated *supra*, a judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings. *De-Haan, supra*, at 1320. Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them. *Id.* To determine whether the findings or judgment are clearly erroneous, we consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will not reweigh the evidence or assess witness credibility. *Id.*

Lever Brothers states the Findings of Fact, Nos. 4 and 10, are unsupported by the evidence and therefore, do not support the trial court's judgment. Finding of Fact, No. 4, is:

> On April 20, 1993, having returned home from a working flight, Carlene noticed that her shower basin was draining slowly. When she attempted to do her laundry, she noticed a fatty, greasy, oily substance backing up from the floor drain in the front part of her basement. She reported these problems to her landlady, Mrs. Pavlovich.

Record, p. 26.

Finding of Fact, No. 10, is:

> Carlene suffered no property damage in April 1993 in that the fatty substance had only encompassed an area around the basement drains about 6 feet in diameter. She had moved all her belongings stored in the basement over against the wall when she first noticed the problem, and so none of the fatty substance got on her property. Record, p. 27.

The record indicates that Langdoc testified that she noticed a water backup around the drain in her basement which measured approximately six feet in diameter. However, Langdoc indicated that the mark appeared to be from water not a fatty substance. She stated that she observed the fatty substance after the plumber removed it from around the floor drain.

■ While the trial court's findings mistakenly indicate that Langdoc noticed the fatty substance backing up from the drain and that the fatty substance covered a six foot area around the drain, these findings are immaterial as Langdoc does not allege she incurred any damages as a result of the April 1993 backup. To the extent that the judgment may be based on erroneous findings which are superfluous and not fatal to the judgment, the judgment may be upheld if the remaining valid findings and conclusions support the judgment. *Williams v. Rogier* (1993), Ind.App., 611 N.E.2d 189, 196, *trans. denied.*

Disregarding these erroneous, superfluous findings, our review of the record reveals substantial evidence supporting the trial court's remaining findings of fact and conclusions of law necessary to sustain the trial court's judgment against Lever Brothers for negligence, trespass, and nuisance. Accordingly, we reject Lever Brothers' contention that the trial court's judgment was erroneous based upon findings of fact and conclusions of law which were unsupported by the evidence.

■ Finally, Lever Brothers argues that the trial court's conclusion that its April 1993 discharge proximately caused Langdoc's damages was unsupported by the evidence. Lever Brothers states that the June 1993 power failure was an intervening, superseding event that broke the chain of causation

able persons is naturally productive of actual physical discomfort to persons of ordinary sensibility, tastes, and habits. *Wendt v. Kerkhof* (1992), Ind.App., 594 N.E.2d 795, 797, *trans. denied.* The essence of a private nuisance is the use of property to the detriment of the use and enjoyment of another's property. *Wernke v. Ha-*

*las* (1992), Ind.App., 600 N.E.2d 117, 120. As indicated *supra*, by discharging an unlawful amount of waste into a public sewer system and causing Langdoc property damage, Lever Brothers used property to the detriment of another. As such, we determine that the trial court correctly held Lever Brothers liable for nuisance.

and thus, relieved it from liability. We disagree.

[15] The fundamental element of proximate cause is that the injury or consequence of the wrongful act be of a class reasonably foreseeable at the time of the act. *Lucas v. Dorsey Corp.* (1993), Ind.App., 609 N.E.2d 1191, 1199, *trans. denied.* The defendant's act need not be the sole proximate cause; many causes may influence a result. *Id.* Rather, the question is whether the wrongful act is one of proximate cause rather than a remote cause. *Id.*

Lever Brothers had a duty not to discharge slugs of waste into the public sewer system. Lever Brothers breached that duty and Langdoc's damages were proximately caused by Lever Brothers' April 1993 breach. The heavy rainstorm and the subsequent power failure, while concurrent causes of Langdoc's damages, were not so unforeseeable as to break the chain of causation.[4] *Compare Town of Rome City v. King* (1983), Ind.App., 450 N.E.2d 72, 79 (power outages due to storms and accidents are common in the area and a foreseeable incident). Accordingly, we reject Lever Brothers' contention that the trial court erroneously concluded that Lever Brothers' negligent discharge was the proximate cause of Langdoc's damages.

Affirmed.

HOFFMAN and KIRSCH, JJ., concur.

---

4. The trial court took judicial notice "that summer thunderstorms in Lake County, Indiana are often the occasions of heavy rains, and that power failures not infrequently result as well." Record, p. 28. Lever Brothers does not dispute this determination.