**Richard HARVEY, Appellant–Respondent,**

v.

**Margaret HARVEY, Appellee–Petitioner.**

No. 37A04–9705–CV–198.

Court of Appeals of Indiana.

June 3, 1998.

John T. Casey, Blaney, Casey & Walton, Rensselaer, for Appellant–Respondent.

Tula Kavadias, Melissa Rohrer, Kavadias & Associates, Crown Point, for Appellee–Petitioner.

## OPINION

GARRARD, Judge.

Richard Harvey ("Husband") appeals the trial court's dissolution decree, claiming that the trial court's findings do not support its judgment, that Husband's early retirement supplemental benefits ("supplemental benefits") should not have been considered marital property subject to division, that the trial court erred by relying on unisex mortality tables, and that the trial court should have used Husband's expert's fair market valuation of Husband's pension.

We affirm in part, reverse in part, and remand.

### FACTS

Husband and Margaret Harvey ("Wife") were married on March 28, 1980. After separating the day before, Wife filed a petition for dissolution on November 3, 1995. On November 1, 1996, a final dissolution hearing was held. At the time of the hearing, both parties requested special findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). On February 8, 1997, the trial court entered its dissolution decree.

In its detailed order, the trial court found that Husband had worked at Northern

Indiana Public Service Company ("NIP-SCO") for 23 years prior to his marriage to Wife and valued Husband's pension at $329,-635. The trial court then found that 59.39% of the pension had been acquired prior to the marriage and set aside this amount exclusively to Husband. Dividing in half the remaining 40.61% of the pension, the trial court found that Husband and Wife were each entitled to $66,932.38. In order to preserve this interest, the trial court ordered Wife to submit a Qualified Domestic Relations Order ("QDRO") to NIPSCO.[1] The trial court relied upon the unisex mortality table and pension value used by Wife's expert to make its findings. Finally, the trial court also found that Husband had a present right to receive the supplemental benefits and included this amount in the divisible marital property. Husband appeals this dissolution decree.

### ISSUES

Husband raises four issues on appeal which we restate as:

I.    Whether the trial court's conclusions were unsupported by its findings.

II.    Whether the trial court correctly found the supplemental benefits to be marital property subject to division.

III.    Whether the trial court erred by relying upon the unisex mortality tables.

IV.    Whether the trial court erred by failing to utilize Husband's expert's fair market valuation of the pension.

### DISCUSSION

**I. Findings and Conclusions**

Husband first contends that the trial court erred because its division of the marital property was not supported by its findings of fact. Specifically, Husband argues that the trial court included all of his pension in the divisible marital property even though it had previously set aside 59.39% of the pension solely for Husband's benefit. This error, contends Husband, led to Wife receiving a greater share of the marital property than

was proper. Wife fails to address Husband's argument and the language of the trial court's decree, and instead argues that the trial court could have included the entire amount of Husband's pension in the marital property subject to division.

■ Because both parties requested special findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A), we cannot affirm the trial court's decree upon any legal basis, but must instead determine whether the trial court's findings support the judgment. *Lever Bros. Co. v. Langdoc,* 655 N.E.2d 577, 580 (Ind.Ct.App.1995). First, we determine whether the evidence supports the trial court's findings and, second, we look to see whether the findings support the judgment. *Id.* "The judgment will be reversed only when clearly erroneous, i.e., when the judgment is unsupported by the findings of fact and conclusions entered on the findings." *Id.* When making this determination, we neither reweigh the evidence nor judge the credibility of the witnesses. *W & W Equipment Co., Inc. v. Mink,* 568 N.E.2d 564, 570 (Ind.Ct.App.1991), *trans. denied.* We will look only to the evidence and reasonable inferences arising therefrom which support the judgment. *Id.* With this standard in mind, we turn to Husband's claim.

■ In its findings of fact, the trial court valued Husband's pension at $329,635. The trial court then found that 59.39% or $195,-770.23 of the pension had been earned prior to the marriage and set aside this amount solely for the benefit of Husband. Finding the remaining 40.61% of the pension to be part of the marital pot to be divided between the parties, the trial court split the amount evenly and awarded Husband and Wife $66,-932.38 each. In its conclusions regarding the marital pot to be split between Husband and Wife, the trial court valued Husband's portion of his pension at $262,702.61 instead of the $66,932.38 as stated in its findings. Contrary to its findings of fact, the trial court included the $195,770.23 that it had expressly set aside to Husband in the marital pot being equally divided. By setting aside the $195,-770.23 for the benefit of Husband, the trial

---

1.   It appears that NIPSCO rejected the QDRO      submitted by Wife.

court must have determined that Husband should receive this amount above and beyond an equal division of the parties' other assets.[2] The trial court's conclusion included the set aside amount in Husband's portion of the marital pot; it did not give him the set aside amount above and beyond his portion of the marital pot as it had previously indicated in its findings of fact. In this regard, the trial court's conclusion was not supported by the findings of fact. Because the trial court's conclusion was not supported by its findings of fact, the trial court's decree was clearly erroneous. *Lever Bros. Co.*, 655 N.E.2d at 580. We, therefore, reverse the trial court's dissolution decree. Because the remaining issues are likely to recur on remand, we will now address them.

## II. Supplemental Benefits

In his next claim, Husband argues that the trial court erred when it found that he had a present right to withdraw the supplemental benefits because his retirement was a condition precedent that had not been met. Wife contends that the trial court correctly found that Husband had a present right to withdraw the supplemental benefits. We agree.

The issue before us in this claim is whether the supplemental benefits fall within the definition of property subject to division. Indiana Code § 31–1–11.5–2(e)[3] defines property for our purposes to mean:

all assets of either party or both parties, including:

(1) a present right to withdraw a pension or retirement benefits;

(2) the right to receive pension or retirement benefits that are not forfeited upon termination of employment, or that are vested, as that term is defined in Section 411 of the Internal Revenue Code, but that are payable after the dissolution of marriage; and

(3) the right to receive disposable retired or retainer pay (as defined in 10 U.S.C. 1408(a)) acquired during the marriage, that is or may be payable after the dissolution of marriage.

Husband claims that his supplement benefits do not fall within this definition. Because we find that the trial court correctly found that Husband had a present right to withdraw the supplemental benefits, we will solely address Indiana Code § 31–1–11.5–2(e)(1).

■ To support her claim that the trial court correctly found that Husband had a present right to withdraw the supplemental benefits, Wife relies upon *Hughes v. Hughes*, 601 N.E.2d 381 (Ind.Ct.App.1992), *trans. denied*. In *Hughes*, the husband challenged the trial court's inclusion of his early retirement benefit within the marital property subject to division. The early retirement benefit in *Hughes* was the same type of supplemental benefit at issue here. Like Husband here, the husband in *Hughes* argued that the early retirement benefit did not fall within the definition of marital property subject to division because retirement was a condition precedent to receiving the benefits. The court in *Hughes*, like the trial court here, found that Hughes had a present right to withdraw the benefits and, therefore, the early retirement benefit fell within the definition of marital property subject to division. *Id.* at 383.

Husband argues that we should disregard *Hughes* and instead follow *In re Marriage of Adams*, 535 N.E.2d 124 (Ind.1989) and *Hodowal v. Hodowal*, 627 N.E.2d 869 (Ind.Ct. App.1994), *trans. denied*. Relying on these cases, Husband contends that *Hughes* incorrectly determined that a party need not actually retire in order to have a present right to withdraw early retirement supplemental benefits. We find the cases relied upon by Husband to be distinguishable.

---

**2.** The trial court's finding that an equal division of the entire pension would be unreasonable further supports the trial court's intention to award Husband the set aside amount above and beyond his portion of the marital pot. Record at 173.

**3.** Indiana Code § 31–1–11.5–2 was repealed after the trial court entered its decree and recodified as Indiana Code § 31–9–2–98. Because the trial court's decree was entered before the statute was repealed and recodified, our decision is based upon the version of the statute quoted in this opinion.

In *Adams*, the court ruled that the husband did not have a present right to withdraw his police pension because he had not yet retired. *In re Marriage of Adams*, 535 N.E.2d at 126. Two factors distinguish *Adams* from the present case. First, *Adams* did not involve early retirement supplemental benefits designed to encourage early retirement, but instead involved a police pension. Second, as the court emphasized, under Indiana case law, police officers do not have a contractual right to pension benefits until retirement. *Id.* Because *Adams* does not address early retirement supplemental benefits such as those at issue here and because the unique requirements of police pensions are not implicated here, we find *Adams* to be distinguishable.

Husband also argues that we should follow *Hodowal v. Hodowal*, 627 N.E.2d 869 (Ind. Ct.App.1994), *trans. denied*, and rule that the supplemental benefits were not marital property subject to division. In *Hodowal*, like the present case, the trial court included the husband's early retirement benefits as marital property subject to division and the husband appealed. Unlike the case before us, however, the husband in *Hodowal* had not yet qualified for the supplemental benefits.[4] Because he had not yet qualified for the supplemental benefits, the court in *Hodowal* stated that the early retirement supplemental benefits were not a vested right and were, therefore, not marital property subject to division. *Id.* at 873. The decision in *Hodowal* was based on the fact that the husband had not yet qualified for the early retirement benefits. *Id.* Husband, in the present case, has qualified for the supplemental benefits. Because *Hodowal* was premised on the husband's failure to qualify under the Rule of 85 and Husband in the present case has quali-

fied under this rule, *Hodowal* is also distinguishable.

We find *Hughes* to be directly on point and the authority relied upon by Husband to be distinguishable. The trial court correctly found that Husband had a present right to withdraw the supplemental benefits and that the supplemental benefits, therefore, fell within the definition of marital property subject to division. *Hughes*, 601 N.E.2d at 383. We hold that the trial court did not err when it included the supplemental benefits in the marital property subject to division.[5]

### III. Unisex Mortality Table

In this claim, Husband argues that the trial court erred when it relied upon the unisex mortality table used by Wife's expert when valuing Husband's pension. Husband claims that the use of this table was not fair and reasonable because it was not as accurate as a gender specific mortality table. Wife contends that it was within the trial court's discretion to use the unisex mortality table.

■ The division of marital assets is within the sound discretion of the trial court. *Castaneda v. Castaneda*, 615 N.E.2d 467, 470 (Ind.Ct.App.1993). In our review of the trial court's division of marital assets, we neither reweigh the evidence nor judge the credibility of the witnesses, and we will consider only the evidence and reasonable inferences therefrom most favorable to the trial court's decision. *Id.* We presume that the trial court properly followed the applicable law and made all the proper considerations when making its determination. *Id.* "Reversal is merited only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court." *Id.*

---

4. In both *Hodowal* and the present case, eligibility for early retirement benefits was based on qualifying under the Rule of 85. Under this rule, if the employee's age and years of employment equal 85 or greater when added together, the employee qualifies for early retirement benefits. It is undisputed that Husband qualifies under this rule.

5. Husband argues that the trial court also erred by ordering a QDRO on a specific sum, instead of a percentage. At the time of the decree,

Indiana Code § 31–1–11.5–11(b)(4) controlled QDROs. Under this statute, a trial court may distribute benefits payable to one of the parties after the dissolution by setting aside a percentage of those payments. The statute specifically states that the trial court may set aside a percentage, not a specific sum. On remand, should the trial court wish to utilize a QDRO once again, it should set aside a percentage of the pension not a specific sum.

Husband has not provided us with any authority requiring the use of gender specific mortality tables when making valuations of this sort. The trial court heard the valuation evidence presented by both parties and chose to rely upon the mortality table and figures used by Wife's expert. In this instance, the trial court was in the best position to determine which expert to rely upon and which valuation figure to believe. Husband has failed to show that the trial court's reliance on the unisex mortality table was clearly against the logic and effect of the facts and circumstances before the trial court. The trial court, therefore, did not abuse its discretion and its decision is affirmed. *Id.*

## IV. Pension Valuation Method

Finally, Husband claims that the trial court erred by not using the fair market value approach to value his pension as his expert did. Wife contends that the trial court did not abuse its discretion by relying upon the valuation method of Wife's expert. We agree.

We dealt with this same claim in *In re Marriage of Hirsch*, 179 Ind.App. 166, 385 N.E.2d 193 (1979). In *Hirsch*, the husband claimed that the trial court erred by valuing the stock in question by its book value instead of using its fair market value. We held that "[t]he trial court was able to exercise its discretion in valuing the stock anywhere between these two figures when dividing the property." *Id.* at 196. Like in *Hirsch*, the trial court did not abuse its discretion when it valued the pension as Wife's expert had, instead of choosing to follow Husband's expert. We find no error in this claim.

Reversed in part, affirmed in part, and remanded for proceedings not inconsistent with this opinion.

HOFFMAN and RUCKER, JJ., concur.