## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2015, 8:17 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Jeffry G. Price<br>Peru, Indiana | William F. Berkshire<br>Peru, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John D. Jenkins Revocable Living Trust, John D. Jenkins, Trustee,<br><br>*Appellant-Plaintiff,*<br><br>v.<br><br>Peru Utility Service Board, City of Peru and Peru Common Council,<br><br>*Appellees-Defendants* | February 13, 2015<br><br>Court of Appeals Cause No. 52A01-1409-PL-387<br><br>Appeal from the Miami Superior Court, The Honorable J. David Grund, Judge<br>52D01-0512-PL-526 |

**Najam, Judge.**

## Statement of the Case

[1] The John D. Jenkins Revocable Living Trust ("the RLT") appeals the trial court's judgment in favor of the Peru Utility Service Board, City of Peru, and

the Peru Common Council (collectively "Peru Utilities") on the RLT's trespass claim. The RLT presents a single issue for our review, namely, whether the trial court erred when it concluded that Peru Utilities did not trespass. We affirm.

## Facts and Procedural History

[2] In a prior memorandum decision, this court set out some of the relevant facts and procedural history as follows:

> The John D. Jenkins Revocable Living Trust ("the RLT") contains farmland which it rents to a farmer. Adjacent to the RLT's farmland at issue is a housing development, Hilltop Farms L.P. and Hilltop Farms Phase Two (collectively, "Hilltop"). The RLT agreed to allow Hilltop to construct a sewer line on the RLT's farmland. The RLT then granted Hilltop a sanitary sewer line easement, which Hilltop then assigned to the City of Peru Utilities Service Board. . . . Subsequently the RLT brought suit against Peru Utilities, the City of Peru, and Peru Common Council . . . : 1) alleging a taking and seeking damages for inverse condemnation;[ 2) alleging trespass;] and [3]] seeking a declaratory judgment as to the rights and obligations of the RLT and [Peru Utilities] with regard to payment of fees and annexation to the City of Peru by anyone tapping into the sewer line. [The parties and the trial court agreed to bifurcate the trial on the RLT's claims into two proceedings, the first of which addressed the takings and declaratory judgment claims and the second of which addressed the trespass claim.] Following [the first] bench trial, the trial court entered findings of fact and conclusions of law, concluded that a taking did not occur, and declined to enter a declaratory judgment order. . . .

*John D. Jenkins Revocable Living Trust v. Peru Utility Service Board*, No. 52A02-1106-PL-540 (Ind. Ct. App. 2012) (citations omitted) ("*RLT I*"). On appeal, we affirmed the trial court.

[3] On May 22, 2014, the trial court held a bench trial on the RLT's trespass claim. In its complaint, the RLT alleged that Peru Utilities committed trespass "[b]y altering the surface drainage of [the RLT]'s real estate[.]" Plaintiff's Exh. 1 at 46. But, both at trial and on appeal, the RLT alleges that Peru Utilities committed trespass when it failed to remove "manhole #8," which is part of the sewer system and stands three feet above grade. The facts and procedural history relevant to the trespass claim are as follows:

> . . . Representatives of Hilltop negotiated with the RLT's agent and both agreed to the construction of a sewer line on the real property owned by the RLT. . . . Both [Bruce] Carson[, a Hilltop employee,] and the RLT understood that Hilltop would construct the sewer line and turn over the impending easement to Peru Utilities; accordingly, Peru Utilities was heavily involved in the planning process. Construction of the sewer line began in late 2003 and was completed by January 2004.
>
> In April 2004, the RLT granted to Hilltop the easement and recorded the same. . . . The easement was established as a covenant running with the land, binding upon grantees and assignees.
>
> In May 2004, Hilltop signed a "DEED OF DEDICATION," in which it dedicated to Peru Utilities "all platted easements for public utilities, physical/mechanical materials relating to the distribution of, operation of and maintenance of a domestic sanitary wastewater infrastructure extension/improvements

> serving Hilltop L.P. and Hilltop Farms Phases I and II . . . ." In September 2004, Hilltop assigned the easement to Peru Utilities, which accepted and recorded the assignment.

*Id.* (citations omitted). The easement provides in relevant part that the RLT "may grow crops and farm over the top of the easement." Appellant's App. at 43. At trial, the RLT presented evidence that several manholes, including manhole #8, render a portion of the easement unsuitable for crops.[1] Further, John Jenkins testified that, during negotiations surrounding the easement, Peru Utilities had agreed in writing to "fix the problem" with manhole #8, but the RLT did not offer any such writing into evidence.[2] At the conclusion of the trial, the court entered findings and conclusions sua sponte and entered judgment in favor of Peru Utilities. This appeal ensued.

## Discussion and Decision

[4] The trial court entered findings and conclusions sua sponte. Sua sponte findings control only as to the issues they cover and a general judgment will control as to the issues upon which there are no findings. *Tracy v. Morell*, 948 N.E.2d 855, 862 (Ind. Ct. App. 2011). A general judgment entered with findings will be affirmed if it can be sustained on any legal theory supported by

---

[1] The RLT does not direct us to evidence regarding its claim that the surface drainage was altered on its property. Instead, as we discuss below, the RLT contends that Peru Utilities trespassed when it did not remove manhole #8 from the easement.

[2] The RLT stated that, during the first bench trial, it offered into evidence a letter containing a promise by Peru Utilities to fix manhole #8. But the appendix submitted in this appeal, which includes some exhibits from *RLT I*, does not contain any such letter.

the evidence. *Id.* When a court has made special findings of fact, an appellate court reviews sufficiency of the evidence using a two-step process. *Id.* First, it must determine whether the evidence supports the trial court's findings of fact; second, it must determine whether those findings of fact support the trial court's conclusions of law. *Id.* Findings will only be set aside if they are clearly erroneous. *Id.* Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference. *Id.* A judgment is clearly erroneous if it applies the wrong legal standard to properly found facts. *Id.* In order to determine that a finding or conclusion is clearly erroneous, an appellate court's review of the evidence must leave it with the firm conviction that a mistake has been made. *Id.*

[5] Again, in its complaint, the RLT alleged that Peru Utilities committed trespass "[b]y altering the surface drainage of [the RLT]'s real estate[.]" Plaintiff's Exh. 1 at 46. But at trial, the RLT's trespass claim focused only on "the presence of [the] manholes on the field." Tr. at 26. More specifically, Jenkins took issue with manhole #8, which protrudes three feet above grade. And on appeal, the RLT alleges that "a trespass occurred" when "Peru Utilities failed to remove manhole #8 from the land[,]" which it had allegedly agreed to do in the course of the easement negotiations. Appellant's Br. at 13.

[6] A plaintiff in a trespass action must prove that he was in possession of the land and that "the defendant entered the land without right." *Lever Bros. Co. v. Langdoc*, 655 N.E.2d 577, 581-582 (Ind. Ct. App. 1995). Here, the RLT makes no allegation that Peru Utilities "entered the land without right." *See id.*

Instead, the RLT cites to the Restatement (Second) of Torts § 158, which provides:

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally
>
> (a) enters land in the possession of the other, or causes a thing or a third person to do so, or
>
> (b) remains on the land, or
>
> (c) *fails to remove from the land a thing which he is under a duty to remove.*

(Emphasis added).

[7] The RLT alleges that Peru Utilities was "put on notice, as a part of [the RLT]'s tort claim notice[, filed on October 20, 2005,] that the manhole needed to be lowered." Appellant's Br. at 13-14. But the tort claim notice merely expressed the RLT's subjective desire that manhole #8 be removed or altered. The RLT makes no contention that Peru Utilities had a legal duty to remove or alter manhole #8. To the extent the RLT suggests that Peru Utilities had a duty to remove manhole #8, the sole evidence in support of that contention presented at trial was Jenkins' testimony that the RLT granted the easement on the condition that Peru Utilities would remove manhole #8. The trial court was entitled to discredit that testimony. The trial court's conclusion that Peru

Utilities did not trespass when it did not remove or alter manhole #8 is not clearly erroneous.

Further, comment e to § 158 states, "[c]onduct which would otherwise constitute a trespass is not a trespass if it is privileged. Such a privilege may be derived from the consent of the possessor[.]" The undisputed evidence shows that Peru Utilities helped design and construct the sewer system on the RLT's land with the RLT's consent. There is no evidence that Peru Utilities engaged in any conduct without the RLT's consent, including the construction of manhole #8.

[8] Still, the RLT maintains that "the easement does not authorize the manhole to remain above the surface of the field." *Id.* at 14. In support of that contention, the RLT points out that the easement provides that the RLT "may grow crops and farm over the top of the easement." Appellant's App. at 43. But Jenkins testified at trial that he cannot farm over any of the manholes, so manhole #8 is not the only obstacle to the farming operation. To the extent Jenkins argues that Peru Utilities should have buried the manholes, no such requirement was included in the easement or any other written document admitted into evidence at trial. And, as the trial court found, Jenkins previously testified that

> he did not allow dirt to be brought in to level the ground around the manhole cover of the sewer system that now sticks up out of the ground, and that he does not want any dirt added to level the manhole cover. *Jenkins further testified that he did not want any dirt added or changes made to the sewer system as constructed.*

*Id.* at 20 (emphasis added).

[9] Because the RLT granted the easement without any requirement that manhole #8 be removed or altered, and because Jenkins testified that he did not want changes made to the sewer system as constructed, the RLT has not shown that the trial court clearly erred when it found against the RLT on its claim for trespass.[3] *See, e.g.*, *Miller v. Geels*, 643 N.E.2d 922, 930 (Ind. Ct. App. 1994) (holding that a person with full knowledge of the facts and aware of his rights who nevertheless stands by and acquiesces in conduct inconsistent with those rights may be estopped from subsequently asserting those rights), *trans. denied*.

[10] The trial court did not err when it entered judgment in favor of Peru Utilities on the RLT's trespass claim.[4]

[11] Affirmed.

[12] Mathias, J., and Bradford, J., concur.

---

[3] The RLT also alleges that Peru Utilities had a duty to bury all the manholes because, "[p]rior to issuing a permit for the construction of the sewer line in question, the Indiana Department of Environmental Management (IDEM) required that the plans confirm that at least three feet of cover would be placed above and on top of the sanitary sewer." Appellant's App. at 23. But the RLT makes no cogent argument that this cover requirement applies to the manholes, and, again, the trial court did not err when it rejected the RLT's trespass claim.

[4] In its brief on appeal, the RLT also contends that the trial court erred when it found that an action for trespass cannot be maintained for invasion of an easement and that "because there was no 'taking' . . . there was no trespass by [Peru Utilities]." Appellant's Br. at 14. But in light of our disposition above we need not address those contentions.